jury had before them, as competent evidence, the amount of the gross sum for which an annuity equal to the earnings of the deceased could be purchased. That was based, not upon the life of the beneficiary, but upon the life of the deceased; and, with that evidence admitted as competent to be considered in the determination of the case, an instruction to the jury that they were not to find a verdict based upon that computation was refused. We are constrained to hold that these two exceptions present error which requires us to reverse the judgment.

We also think that the testimony of the age of the father of the deceased was immaterial. The jury should not have been allowed to consider that, because the father had lived to be 72 years of age, his son would live so long. We think that the admission of that evidence was allowing an element to be considered by the jury which is, even in cases of this character, too speculative.

It follows that the judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur. O'BRIEN and HATCH, JJ., dissent.

---

(81 App. Div. 591.)

WILLIS v. ECLIPSE MFG. CO.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. LIBEL PER SE—LETTER REGARDING MERCHANT—CHARGING RATE CUTTING.
   A letter charging a merchant with "cutting" prices on a certain bicycle brake, but which does not charge that plaintiff was bound by any contract not to cut prices, or that he was connected with any contract to maintain them, was not libelous per se.
2. SAME—SPECIAL DAMAGES—FAILURE TO ALLEGE.
   Where the matter complained of is not libelous per se, failure to allege special damages renders the complaint demurrable.

Appeal from Special Term, New York County.

Action by Ernest J. Willis against the Eclipse Manufacturing Company. From a judgment overruling the demurrer to the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

J. S. Sheppard, Jr., for appellant.
G. E. Miner, for respondent.

PATTERSON, J. This is an appeal from an interlocutory judgment overruling a demurrer to the complaint. The action is for a libel alleged to be contained in a letter written by the defendant to one of its correspondents, and inclosing a copy of a letter which the defendant wrote to the plaintiff, who seems to have carried on business not in his individual name, but under the name of the "Willis

¶ 2. See Libel and Slander, vol. 32, Cent. Dig. § 213.

Park Row Bicycle Company," of New York. In the letter first above referred to the plaintiff is charged with "cutting prices" on the "Morrow Coaster Brake," which seems to be a bicycle appliance. The letter complained of by the plaintiff states that by the action of Mr. Willis he not only injured the defendant's business, but the trade and those jobbers who have maintained the contract price. The plaintiff contends that it is charged in the letter that he cut the contract price of this article, being bound to maintain that price, and it is alleged that that accusation is false, and by way of innuendo in the complaint it is charged that the defendant meant and intended to lead the party to whom the letter was addressed and other business acquaintances of the plaintiff to believe that the plaintiff had violated and repudiated his contracts and obligations, and was an unsafe and unreliable business man, engaged in injuring and ruining the business of the defendant and also of all jobbers throughout the country, and therefore not of good repute, etc., among business men.

It is evident from a reading of the letter complained of that the innuendo expands the meaning of what is charged in that letter far beyond any reasonable intendment that can be drawn from it. There is nothing whatever in the letter to charge that the plaintiff was bound by any contract not to cut prices, or that connected him with any contract to maintain prices. He is not even charged with the violation of a contract, nor is there anything in the letter from which it can be inferred that he was bound by any contract, or that the writer of the letter intended so to represent.

We are therefore not able to perceive that anything contained in this letter is libelous per se, for there is nothing in it which would necessarily injure the plaintiff in his business or disparage him as a business man. Inasmuch as the matter is not libelous per se, the complaint is defective in that it does not allege special damage; and for this reason we think the judgment of the court below was wrong, and that the demurrer should have been allowed.

The interlocutory judgment must therefore be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend his complaint within 20 days on payment of costs in this court and in the court below. All concur.