Lillian Coleman Morrison, Appellant, *v.* Ormond G. Smith et al., Respondents.

Libel — Failure to Establish Meaning Attached to Publication by Innuendo. When the plaintiff in an action of libel has, by innuendo, put a meaning upon the alleged libelous publication which is not supported by its language, or by proof, the court may, nevertheless, submit the case to the jury if the article is libelous *per se.*

*Morrison* v. *Smith,* 83 App. Div, 206, reversed.

(Argued January 28, 1904; decided February 9, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 26, 1903, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Israel A. Washburne* for appellant. The article complained of is susceptible of the meaning ascribed to it ·in the complaint, and is, therefore, libelous *per se.* (*Gibson* v. *S. P. & P. Assn.,* 71 App. Div. 566; *Sanderson* v. *Caldwell,* 45 N. Y. 398; 18 Am. & Eng. Ency. of Law [2d ed.], 974, 990; Code Civ. Pro. § 519.)

*Joseph Fettretch, Theodore H. Silkman* and *Daniel E. Seybel* for respondents. Plaintiff must stand or fall upon the issue as to whether the words used are susceptible of a con-

struction that they charge unchastity without allegations or proof of extrinsic facts or colloquium. (*Morse* v. *P. P. Co.*, 49 App. Div. 375 ; *Gibson* v. *S. P. & P. Co.*, 71 App. Div. 566 ; *Brown* v. *Tribune Assn.*, 74 App. Div. 359 ; *Crashley* v. *P. P. Co.*, 74 App. Div. 118 ; *Moore* v. *Francis*, 121 N. Y. 119 ; *Fleischmann* v. *Bennett*, 87 N. Y. 231 ; *Kennedy* v. *P. P. Co.*, 41 Hun, 422 ; *Gates* v. *Recorder Co.*, 155 N. Y. 228 ; *Brown* v. *Moore*, 90 Hun, 169 ; *Ramscar* v. *Gerry*, 16 N. Y. S. R. 789.)

GRAY, J.  In this action, which is for libel, the complaint alleges that in the defendants' magazine was printed the following advertisement : " Illustrated new book.  Up-to-date. The experience of a giddy typewriter girl in New York. Typewritten.  GOOD is no name for it.  Sent in plain wrappers, postpaid, on receipt of 25c. in silver or stamps.  Dell Book Co., 119 Flournoy St., Chicago."  It was, then, alleged that " accompanying these words and completing the advertisement was the picture of a young and comely woman, and this picture was a likeness of the plaintiff," and that " the meaning of this advertisement was that the plaintiff had been the subject of an unchaste and indecent experience."  At the trial the plaintiff proved that she was a married woman and an actress, acting under her maiden name ; that the portrait accompanying the advertisement was one of·herself, and that she never had been a typewriter.  But, upon this proof, a motion to dismiss the complaint was granted, upon the ground that the words could not be given the construction placed upon them by the plaintiff.  The Appellate Division affirmed the judgment of dismissal ; the prevailing opinion in that court holding, in substance, that, while inclined to view the advertisement and portrait as libelous *per se* or, at least, as presenting a question for the jury in that respect, the court was to determine, only, whether the plaintiff was right in the construction set out in her complaint.  It was held that she had tendered an issue, as to whether the words used were " susceptible *per se* of the interpretation that they charge her

with unchastity " and that she had failed " to sustain the burden thus placed upon her."

The question is a clean cut one, which we must determine, and it is whether, because the plaintiff has, by innuendo, put a meaning upon the language, she is bound by it and, however libelous the language standing alone, she must fail in her action, if that meaning is not supported by the language, or by proof. I am not inclined to concur in so restricted a view of the plaintiff's position and I am not aware of any decision of this court compelling it. It appears to have support in some decisions of the Appellate Division and, hence, the question is made serious, if we shall determine it the other way. But I think if we regard some general rules, which are now established in this class of cases, and if we follow that instinct of justice, to which common sense impels our judgment, that we will find neither rule, nor principle, opposing a contrary view to that adopted by the majority of the learned justices of the Appellate Division.

At common law, that which implied reproach, scandal, or ridicule, to any person and reflected disgracefully upon his character whether written or printed, was a libel and was actionable without proof of special damage. The language used is to be understood by judge and jury in the same manner as others understand it, and words are to be taken in that sense, which would be naturally conveyed to persons of ordinary understanding. The principle upon which the rule of legal liability for damages rests is that no man possesses the right to lessen the comforts, or the enjoyment, of another and that, when he does so deliberately, wantonly and maliciously, it is, *prima facie*, evidence of malice and he is bound to make compensation for the mischief occasioned. Therefore, if by printing, or writing, bad actions, or vicious principles, are imputed to a man and his respectability is diminished, his comfort and his enjoyment are lessened by the attendant disgrace, contempt, or ridicule, and damage will be presumed. (See Folkard's Law of Slander and Libel [5th ed.] 165, 172, 177 ; Odgers' Libel and Slander [3d ed.], pp. 7, 18, 336 ;

*Root* v. *King*, 7 Cow. 633 ; *Sanderson* v. *Caldwell*, 45 N. Y. 398 ; *Morey* v. *Morning Journal Association*, 123 N. Y. 207.) If the language is unambiguous, whether it is actionable becomes a question of law ; but if ambiguous and capable of an innocent, as well as of a disgraceful meaning, the question becomes one for the jury to settle. When the defamatory meaning is not apparent, innuendo is necessary. If the words are incapable of the meaning ascribed to them by the innuendo and are, *prima facie*, not actionable, the complaint should be dismissed. If they are capable of such a meaning, however improbable it may appear, the jury should say whether they may be so understood. (Odgers' Libel and Slander, 107 ; *Sanderson* v. *Caldwell*, 45 N. Y. 398.)

It is said, however, that the purpose of an innuendo in a pleading being to show the true meaning of published words, every other meaning is to be rejected and that, however libelous the words standing alone, still no cause of action is stated, if the meaning assigned is not supported. (*Brown* v. *Tribune Association*, 74 App. Div. 359 ; *Morse* v. *Press Pub. Co.*, 49 ib. 375.) But what good reason is to be adduced for this rule? Is it that the defendant will be prejudiced, if he is called upon to defend against the ordinary meaning of the language, when the meaning assigned by innuendo fails? I think the answer made to this in the dissenting opinion below is a good one. It is there said that, with the innuendo eliminated by the rulings of the court, or the finding of the jury, the defendant is in no worse position than if the innuendo was not in the complaint and the plaintiff should be permitted to recover for a libel clearly appearing on the face of the article, for which no innuendo was necessary. (Citing Odgers' Libel and Slander [3d ed.], p. 107, and cases in note.)

Now what idea is this advertisement calculated to convey to the ordinary reader, when it describes an illustrated book as containing " the experience of a giddy typewriter girl ; " that it is " typewritten ; " that " good is no name for it," and bears upon it a portrait of the plaintiff? The plaintiff

24

read it as imputing to her an experience of "an unchaste and indecent" nature and so alleged in her pleading. I agree with the trial judge and with the majority of the Appellate Division that the words do not impute unchastity to the plaintiff and are not susceptible of her interpretation. But granting that, what, in reason, should preclude her from having the case submitted to the jury for an award of damages for the really libelous character of the advertisement? It is such, as all do, and must, concede; for it exposed the plaintiff to contempt and to ridicule, if it did not imply disgraceful conduct. None of her friends and acquaintances could fail to understand that, in the plaintiff's life, there had been passages of such a nature that only a woman of unbalanced character and of foolish recklessness could have experienced; which made interesting reading and which the advertiser could not print, but was publishing in . typewritten form. This was an outrage upon the reputation of a respectable woman; because it was a statement which she had shown to be false as to her. The use of her portrait was wanton and, obviously, inspired by the notion that it would attract purchasers of the mysterious publication. There is no hardship in compelling the defendants to defend against the plain charge that the advertisement is libelous *per se.* If no innuendo was necessary to be averred in the complaint, in order to state a cause of action, then her averment of a libelous meaning, by innuendo, was surplusage and the defendants were bound to defend the action, not merely upon the ground that their advertisement was not susceptible of the interpretation put upon it by the plaintiff; but upon the general ground, if they could, that it was not a false and, therefore, a libelous imputation upon her character and reputation as a member of society. This could not be an embarrassment to a defense upon the trial; for the proofs must relate to the occupation and past behavior of the plaintiff as the subject of their publication. If the plaintiff was not, in fact, intended as the subject of publication, then the conduct of the defendants was wholly unjustifiable and the jury should

be allowed to award such damages as, in their judgment, the case warranted.

I advise the reversal of the judgment and that a new trial should be ordered, with costs to abide the event.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN, CULLEN and WERNER, JJ., concur.

Judgment reversed etc.