(45 Misc. Rep. 165)

## HILDER v. BROOKLYN DAILY EAGLE.

(Supreme Court, Trial Term, Kings County.  November, 1904.)

1. LIBEL—PLEADING—INNUENDO.

A publication in a newspaper stated that there had been a hearing before a magistrate in the case of plaintiff, charged with keeping a disorderly house, and that she had been in trouble with the police before. *Held* not to justify an innuendo that on previous occasions she had been charged with keeping a disorderly house, and that she was guilty of the present charge.

2. SAME—TRUE MEANING OF WORDS.

In an action against a newspaper for publishing a statement that plaintiff "had been in trouble with the police before," where the words did not justify the construction in an innuendo that on previous occasions she had been charged with keeping a disorderly house, plaintiff can only fall back on the true meaning of the words that she had had trouble before with the police.

3. SAME—ANSWER.

Where a complaint in a libel alleged a publication that plaintiff, arrested by the police, "had been in trouble with the police before," and that the innuendo with the words meant that plaintiff had been charged with keeping a disorderly house, defendant was not required to plead as a defense in its answer that plaintiff had had trouble with the police before, for whatever cause it might have been.

4. SAME—COMPLAINT.

Where plaintiff in libel wishes to fall back on the natural meaning of the words published, his complaint should set forth in one count the article with the innuendo, and the other the article without the innuendo.

Action by Fanny Hilder against the Brooklyn Daily Eagle.   Motion by plaintiff for new trial on demurrer to the complaint.   Denied.

August Reymert, for plaintiff.

John J. Kuhn, for defendant.

GAYNOR, J.   The complaint alleges that the plaintiff was carrying on the business "commonly called massage treatment," at a house named; that she was unlawfully arrested by the police on a charge of keeping a disorderly house, and after an examination before a magistrate was discharged; and that the defendant published of her the following defamatory matter "in respect to the said proceedings in the magistrate's court," viz.:

"There was a hearing this morning in the Butler Street Court by Magistrate Tighe in the case of Mrs. Fanny Hilder, who runs massage parlors at 190 Bergen street.  The woman was arrested Saturday, March 28th, by Captain Toole of the Butler Street station, charged with keeping a disorderly house. Mrs. Hilder, who has been in trouble with the police before, advertised in a South Brooklyn weekly.  The magistrate reserved his decision until Monday."

The complaint then alleges as follows:

"That said publication was false and defamatory, and was not a fair, honest and truthful publication of the judicial proceedings in said Magistrate's Court in respect to said charge against this plaintiff, in that said publication falsely accuses and charges this plaintiff in connection with said criminal charge with having been in trouble with the police before, meaning and implying thereby that this plaintiff had, on previous occasions, been charged with keeping a

bawdyhouse, and meaning and intending, by said publication, to convey to the public the impression or suggestion that the defendant in said Police Court case (the plaintiff herein) was guilty of said specific charge then before the said Police Court, of keeping a disorderly, or bawdy house."

Does the complaint state facts sufficient to constitute a cause of action?

The report of the proceeding before the magistrate being privileged (Code Civ. Proc. §§ 1907, 1908), the complaint complains only of the extra words, "who has been trouble with the police before"; and it complains of these words exclusively on the ground that the defendant imputed by them (1) that the plaintiff had on previous occasions been charged by the police with keeping a bawdyhouse, and (2) also that she was guilty of the charge then before the magistrate.

The words are not capable of such a construction.

The question then arises whether the plaintiff can fall back on the true meaning of the words, simply that she had had some sort of trouble with the police before, although she has not complained of the words in that general sense at all, but has based her complaint exclusively on a particular meaning.

In a word, the complaint being that the defendant injured the plaintiff by imputing by the words used that she kept a bawdyhouse, was the defendant called upon to do more than put in an answer pleading to that? Was it also required to examine the word for itself, and draw an answer pleading to a meaning and an imputation which the plaintiff did not complain of at all? Was it required to plead as a "defence" in its answer that the plaintiff had had trouble with the police before, for instance, that they had arrested her for larceny, or what not?

It does not seem to me that this can be so. A defendant cannot prove any defence of the truth or otherwise which is not pleaded in the answer, and he is not called upon to plead to anything except the grievance alleged in the complaint.

I cannot deem the case of Morrison v. Smith, 177 N. Y. 366, 69 N. E. 725, as holding different to this.

It is the undoubted rule, often stated, that if the innuendo meaning fails, the case may go to the jury on the actual meaning. But this is not a rule of pleading but of law. The case may go the jury on the actual meaning providing the complaint is also on the actual meaning, as well as on the innuendo or specially alleged meaning. If it be not, but is on the specially alleged meaning only, then that is the only meaning that has to be pleaded to by the defendant.

Usually the meaning alleged in the innuendo is only different in degree from the actual meaning; the innuendo only heightens the color; as where such alleged meaning is that the imputation by the words is of murder, whereas in fact they only charge manslaughter. Carroll v. White, 33 Barb. 615. In such a case the innuendo is surplusage. The imputation is of the same general nature whether it be of murder or manslaughter. But where the innuendo departs from the general tenor and trend of the words, and alleges a meaning outside thereof, it is not mere surplusage. On the contrary, it gives the complaint a distinctive character.

In the same way, in Morrison v. Smith the imputation was of the same general nature whether the words only imputed that the plaintiff was giddy and hazardous in companionships with strange men, or went further and committed fornication with them, as the innuendo purported. The difference was only in degree.

The language of the opinion in that case is, however, broader than this, and the learned judge writing cites the following text of Odgers in support of it, viz. (page 101):

"The libel or slander sued on must of course be set out verbatim in the statement of claim. The innuendo usually follows it immediately. And such a declaration is to be considered as two counts under the old system of pleading, one with an innuendo and one without. And if the plaintiff can show a good cause of action, either with or without the alleged meaning, his statement of claim will be sufficient."

But it is altogether incongruous to cite this text of this learned English author as authoritative or applicable to our system of pleading, and its citation must have been inadvertent, for it is founded on an English statute. Under the old system of pleading the declaration in libel and slander was in two counts, one with an innuendo and one without (that is, where an innuendo meaning was alleged at all). In the reform of pleadings and practice by the common law procedure act of 1852 (15 & 16 Vict. c. 76), it was enacted, in effect, that thereafter every declaration in such an action should be deemed as containing the two counts, though not in form doing so, viz. (section 61):

"In actions of libel and slander the plaintiff shall be at liberty to aver that the words or matter complained of were used in a defamatory sense without any prefatory averment to show how such words or matter were used in that sense, and such averment shall be put in issue by the denial of the alleged libel or slander; and where the words or matter set forth, with or without the alleged meaning, show a cause of action, the declaration shall be sufficient."

This is all explained in Watkin v. Hall, L. R. 3 Q. B. 402, which Odgers cites for his text.

In all the cases cited, in the dissenting opinion in the Appellate Division (82 N. Y. Supp. 166) in Morrison v. Smith, and referred to in the opinion in the Court of Appeals, it will be found on examination that the innuendoes were of the ordinary kind, merely heightening or exaggerating the degree of meaning of the words, and therefore mere surplusage, and not, as here, alleging a special meaning which gave a distinctive and exclusive character to the complaint, upon which alone it had to stand. The ordinary innuendo is one thing, but that is not what we are dealing with here. It has always been treated as surplusage in its exaggerations as to the degree of meaning in the general line and scope of the imputation of the words; but where, instead, the complaint is founded on a specially alleged meaning, that is the complaint. If in such a case the plaintiff wants to fall back on the natural or actual meaning, he must now, the same as formerly, plead in both counts.

The motion is denied.