WUEST v. BROOKLYN CITIZEN.

(Supreme Court, Appellate Division, Second Department. March 24, 1905.)

1. LIBEL—NEWSPAPER PUBLICATION.

Where an alleged libel, published of and concerning plaintiff, recited: "She went to a prison for an operation. She sank so low. She said it cost five dollars, and that her screams were heard all over the block,"— the word "prison" being substituted by mistake for "person," the obvious

meaning of the charge was that plaintiff had submitted to a criminal operation, on account of which she had been sent to prison, and was libelous per se.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, §§ 17–70.]

2. SAME—INNUENDO—FAILURE OF PROOF—EFFECT.

Where, in an action for libel, plaintiff alleged a special meaning, which the proof failed to establish, she was not thereby precluded from insisting on the natural meaning of the words used, they being libelous per se.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 208.]

Appeal from Trial Term.

Action by Wanda Wuest against the Brooklyn Citizen. From a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial (76 N. Y. Supp. 706), plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Hugo Wintner, for appellant.
Henry E. Heistad, for respondent.

MILLER, J.   The alleged libel: "She went to a prison for an operation. She sank so low. She said it cost five dollars, and that her screams were heard all over the block"—was contained in a report of a judicial proceeding published by the defendant. By mistake the word "prison" was substituted for "person." The obvious meaning of the charge was that the plaintiff had submitted to a criminal operation, on account of which she had been sent to prison. The words used were libelous per se, and the defendant's claim of privilege was not sustained by the proof.

The learned trial court dismissed the complaint upon ground that the plaintiff, having alleged a special meaning which the proof failed to establish, had precluded herself from insisting upon the natural meaning of the words used. Since this case was tried, however, the Court of Appeals has held that "when the plaintiff in an action of libel has, by innuendo, put a meaning upon the alleged libelous publication which is not supported by its language or by proof, the court may nevertheless submit the case to the jury, if the article is libelous per se." Morrison v. Smith, 177 N. Y. 366, 69 N. E. 725.

The judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur.