WANDA WUEST, Appellant, v. THE BROOKLYN CITIZEN, Respondent.

*Libel — the words "she went to a prison for an operation" are libelous per se — a failure to sustain the meaning attributed to words by an innuendo does not preclude the plaintiff from insisting that the words are libelous per se.*

The following publication, "She went to a prison for an operation. She sank so low. She said it cost $5 and that her screams were heard all over the block," is libelous *per se*, the obvious and natural meaning thereof being that the person referred to therein had submitted to a criminal operation on account of which she had been sent to prison.

The fact that the plaintiff in an action of libel, by means of an innuendo in her complaint, attributes a special meaning to the alleged libelous publication, does not, in the event of the failure of the proof to sustain the innuendo, preclude the plaintiff from insisting that the publication is libelous *per se* according to the natural meaning of the words used therein.

APPEAL by the plaintiff, Wanda Wuest, from a judgment of the Supreme Court in favor of the defendant, entered in the office of

the clerk of the county of Kings on the 30th day of April, 1902, upon the dismissal of the complaint by direction of the court after a trial at the Kings County Trial Term, and also from an order entered in said clerk's office on the 12th day of May, 1902, denying the plaintiff's motion for a new trial made upon the minutes.

*Hugo Wintner,* for the appellant.

*Henry E. Heistad,* for the respondent.

MILLER, J.:

The alleged libel, " She went to a prison for an operation. She sank so low. She said it cost $5 and that her screams were heard all over the block," was contained in a report of a judicial proceeding published by the defendant; by mistake the word " prison" was substituted for " person." The obvious meaning of the charge was that the plaintiff had submitted to a criminal operation on account of which she had been sent to prison. The words used were libelous *per se,* and the defendant's claim of privilege was not sustained by the proof.

The learned trial court dismissed the complaint upon the ground that the plaintiff, having alleged a special meaning which the proof failed to establish, had precluded herself from insisting upon the natural meaning of the words used. Since this case was tried, however, the Court of Appeals has held that " When the plaintiff in an action of libel has, by innuendo, put a meaning upon the alleged libelous publication which is not supported by its language or by proof, the court may, nevertheless, submit the case to the jury if the article is libelous *per se.*" (*Morrison* v. *Smith,* 177 N. Y. 366.)

The judgment and order must be reversed and a new trial granted, costs to abide the event.

HIRSCHBERG, P. J., WOODWARD, JENKS and RICH, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.