### JOCKIN v. BRASSLER et al.

(Supreme Court, Appellate Division, First Department. June 20, 1906.)

1. LIBEL—PUBLICATIONS—DEROGATORY STATEMENTS.

Defendant B., wrote a letter to a trade paper which the latter published, in which B. stated that he was a co-owner with plaintiff and translator of a certain unprinted book offered by plaintiff for sale, and for that reason he objected to plaintiff "offering the book under his own name or soliciting subscriptions in that manner." No charge was made that plaintiff had not a right to solicit subscriptions or sell the book as he was doing, nor was plaintiff charged with violating any contract, acting in bad faith, or doing anything that he had not a perfect right to do. *Held,* that injury to plaintiff was not the natural and proximate consequence of such publication and that it was therefore not libelous per se.

**2. SAME—PLEADING—SPECIAL DAMAGE.**

    Where a publication with reference to the sale of a book was not libelous per se, an allegation that the publication had a tendency to prevent and retard the sale of the book by plaintiff and that by reason of the publication plaintiff was injured in his reputation, good name, credit, and business, in the sum of $5,000, was not a sufficient allegation of special damage for failure to state how or in what way plaintiff was retarded in selling the book or what damages plaintiff had sustained with reference thereto.

    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 213½.]

Appeal from Special Term, New York County.

Action by William Jockin against Charles A. Brassler and the Jewellers Circular Publishing Company. From an interlocutory judgment, overruling a demurrer to the complaint, defendants appeal. Reversed and demurrer sustained, with leave to amend.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and CLARKE, JJ.

Lorlys Elton Rogers, for appellants.
Wilfred H. Warner, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for an alleged libel. The publication complained of was a statement in the form of a letter written by the defendant Brassler to and published by the defendant publishing company. The letter is set out in full in the amended complaint and is to the effect that the defendant Brassler had learned that the plaintiff had issued a circular soliciting subscriptions for an unprinted book, a translation of a German work, which he called "The Swiss Watch Repairer," and by reason thereof the writer begged to state that he obtained the translation rights from the author of the work and thereafter took in the plaintiff as a partner, each paying one-half the purchase price; that under a contract between them, he and the plaintiff were each to translate one-half; that the book is copyrighted in both names and as a co-translator and owner he objected to the plaintiff offering the book under his own name or soliciting subscriptions for himself. The complaint contains no innuendoes explaining or applying the language used and the only allegation of damage is that the publication had a tendency to, and did, prevent and retard the sale of copies of the book and prevented plaintiff's obtaining subscriptions for it. The defendants separately demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrers were overruled, and they have appealed.

I am of the opinion that the demurrers should have been sustained. The article is not libelous per se. All that the defendant Brassler states in the letter is that he is a co-owner and translator of the book offered by the plaintiff for sale, and for that reason he objects to the plaintiff "offering the book under his own name or soliciting subscriptions in this manner." No charge is made in the article that the plaintiff has not a right to solicit subscriptions or sell the book in the manner in which he is doing, nor is it even charged that he is violating

any contract in doing so, which exists between the writer and the plaintiff. There is nothing whatever in the letter, as published, which charges the plaintiff with violating a contract, acting in bad faith, or doing anything but what he has a perfect right to do. The writer objects, but the objection is not based upon the assertion of a legal right, but is confined to the business relation which exists between the parties and which the writer believes the public, in fairness, ought to know. Willis v. Eclipse Mfg. Co., 81 App. Div. 591, 81 N. Y. Supp. 359; Ratzel v. The News Publishing Co., 67 App. Div. 598, 73 N. Y. Supp. 849; Ertheiler v. Bernheim, 37 App. Div. 472, 56 N. Y. Supp. 26. A publication is actionable per se only when the necessary or natural and proximate consequence of it is to cause injury. (La Massena v. Storm, 62 App. Div. 150, 70 N. Y. Supp. 882), and then damages are presumed to follow.

It cannot be said of this publication that the necessary and natural and proximate consequence of the words used will be to cause the plaintiff injury. For that reason the publication is not libelous per se, and not being so, the complaint does not state a cause of action unless special damages have been pleaded. Langdon v. Shearer, 43 App. Div. 607, 60 N. Y. Supp. 193. Special damages are not pleaded in the complaint. The only allegation as to damage is that the publication "had the tendency to prevent and retard the sale of copies of said book by the plaintiff, and to prevent and retard the obtaining of subscriptions to the said book and the sale of matter therein contained, and that, by reason of said publication, the plaintiff was injured in his reputation, good name, credit, and business to his damage of $5,000." This is not a sufficient allegation of special damage to enable the plaintiff to maintain the action. King v. Sun Printing & Publishing Ass'n, 84 App. Div. 310, 82 N. Y. Supp. 787, affirmed 179 N. Y. 600, 72 N. E. 1144. How, or in what way the plaintiff has been prevented from obtaining subscriptions or selling matter contained in the book is not alleged or what damage plaintiff has sustained with respect thereto is not stated. To recover special damages these facts must be specifically alleged, and, in the absence of allegation of such facts, the complaint fails to state a cause of action.

The judgment appealed from, therefore, must be reversed, with costs; the demurrer sustained with costs, with leave to the plaintiff to amend his complaint on payment of one bill of costs in this court and in the court below. All concur.