## MAERLENDER v. PORTER.

(Supreme Court, Appellate Division, First Department. June 20, 1906.)

**1. SLANDER—WORDS IMPUTING CRIME—SLANDEROUS PER SE.**

    Plaintiff alleged that defendant maliciously spoke to and concerning her in following words: "What right have you to his" (Adolph Maerlender's) "key or papers? You are not his wife. You could not be his wife, as your husband, Mr. Waring, is still living." *Held*, that such words did not impute to plaintiff either the offense of bigamy or charge her with unchasity, and were therefore not slanderous per se.

    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 32.]

**2. SAME—INNUENDO—OFFICE.**

    In an action for slander, an innuendo can be used to explain the sense in which the words were used and to apply them, but not to enlarge the charge.

    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 205.]

Appeal from Special Term, New York County.

Action by Frances J. Maerlender against Charles S. Porter. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and CLARKE, JJ.

Dudley R. Horton, for appellant.

Joseph M. Proskauer, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for an alleged slander. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and plaintiff appeals.

The complaint charges that at a time and place stated the defendant, in the presence of a number of persons, "maliciously spoke to, of and concerning this plaintiff the false and defamatory words as follows, to wit: 'What right have you to his' (Adolph Maerlender's) 'key or papers? You are not his wife.' To which the plaintiff replied, 'I am his wife. I have my marriage certificate, and can show it to you.' To which the defendant replied, 'You could not be his wife as your husband, Mr. Waring, is still living.'" The complaint further charged that by the language used the defendant intended to and did accuse the plaintiff of the crime of bigamy, and by reason thereof she was injured in her reputation and damaged in the sum of $50,000, for which sum judgment was demanded. The words set out in the complaint neither directly nor by inference charge that the plaintiff is guilty of bigamy; on the contrary, they negative such charge. The words are: "You are not his wife." The statement that the plaintiff was not Maerlender's wife, as her husband, Mr. Waring, was still living, cannot be tortured into a suggestion that she had committed a crime by marrying Maerlender. Indeed, there is no allegation in the complaint that the plaintiff was Maerlender's wife or that she even was living with him; nor is there an allegation that she was not Waring's wife. There is no doubt about the general rule which holds that where words are libelous per se they may be submitted to a jury to determine as a question of fact the sense in which they were used, even though that might involve a sense other than that suggested by the innuendo. Morrison v. Smith, 177 N. Y. 366, 69 N. E. 725. But this rule has no application to the question here presented, because the words here used are not slanderous per se. It is suggested that the complaint may be sustained on the ground that the words used are susceptible of charging the plaintiff with living with Maerlender even though not married to him. But there is no force in this, because there is nothing from which it can be inferred that any such relation existed between the plaintiff and Maerlender.

In Hemmens v. Nelson, 138 N. Y. 517, 34 N. E. 342, 20 L. R. A. 440, the slander charged was that the plaintiff was in the habit of entertaining gentlemen callers at all hours of the night. It was contended that these words necessarily charged the plaintiff with unchastity. The court held otherwise, saying:

"It is possible that a call upon a lady at a later hour than that prescribed by conventional rules by gentlemen relatives or friends may be entirely innocent. It is quite possible also that a jury could find that the defendant intended by the use of words to make a defamatory charge. The intent of the defendant and the sense in which the words were used, becomes, in such cases, an important inquiry, not permissible at the trial without an allegation of some kind in the pleading that he intended to impute unchastity."

Here, the complaint contains no allegation that the defendant, by the use of the alleged slanderous words, intended to charge that the plaintiff was living with Maerlender as his wife, though not married to him. Nor can such fact be fairly implied from what is alleged any more than can it be implied that the defendant intended to charge her with committing bigamy. An innuendo cannot be used to enlarge the charge, but its purpose is simply to explain the sense in which the words were used and apply them. Fleischmann v. Bennett, 87 N. Y. 231; Gibson v. Sun Printing & Publishing Association, 71 App. Div. 566, 76 N. Y. Supp. 197.

The interlocutory judgment, therefore, should be affirmed, with costs, with leave to amend on payment of costs in this court and in the court below. All concur.