GRACY v. SUN PRINTING & PUBLISHING ASS'N.

(Supreme Court, Appellate Division, First Department. February 18, 1916.)

1. LIBEL AND SLANDER ☞6—ACTIONS—LIBELOUS PER SE.

Any matter published concerning a person, which holds him up to reproach, scorn, or ridicule, or imputes to him bad actions or vicious principles, diminishes his respectability, and hence is actionable per se.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 3–16; Dec. Dig. ☞6.]

2. LIBEL AND SLANDER ☞86—ACTIONS—COMPLAINT.

A complaint stating that defendant maliciously composed and published an article reciting that plaintiff missed a diamond ring, that a nurse girl employed by plaintiff was forced into a confession and incarcerated, but that, though the following day the plaintiff found the ring where she had placed it, the girl had not been released, does not state a cause of action for libel; the article not showing that plaintiff made the charge against the nurse girl, or forced the confession.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 205–208; Dec. Dig. ☞86.]

Appeal from Special Term, New York County.

Action by Esther N. Gracy against the Sun Printing & Publishing Association. From an interlocutory judgment overruling demurrer to the complaint, defendant appeals. Judgment reversed, and demurrer sustained, with leave to plaintiff to file an amended complaint.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

James N. Beck, of New York City, for appellant.
Bradford Butler, of New York City, for respondent.

PAGE, J.   The complaint states that the defendant maliciously composed and published concerning the plaintiff in the Evening Sun the following article:

"Innocent Girl Held in Jail—Montclair Society Women Lead Fight for Release.

"Several prominent society women of Montclair, stirred by continued confinement of 12 year old Rachel Anderson in the Newark jail after the charge on which she was arrested had been disproved, instituted action to-day to bring about her release, and to further an investigation into certain rumors as to the strange manner in which the girl was forced into a confession.

"Rachel was a nurse girl employed by Mrs. Leonard E. Gracy, wife of a wealthy Manhattan business man who has a beautiful home at 53 Brookfield road, Montclair. Last Friday Mrs. Gracy missed a diamond ring valued at $1,000. On Tuesday, following her confession that she had stolen the ring, the girl was arrested and brought before Recorder Yost, who sent her to the Newark jail. The next day Mrs. Gracy found the ring in a place where she had put it and had forgotten about it.

"When first accused of the theft the young girl denied any knowledge of it. Later she said she had taken it and given it to a little Italian girl. She changed this story afterward, saying that she had given it to her mother, and when this was disproved said that she had lost it.

"Several of the most prominent society women of Montclair were wrought up by stories of the manner in which the girl is alleged to have been intimidated into the confession that brought about her arrest. A delegation headed by Mrs. Hettie H. Patterson, president of the Altruist Society, went to Newark to engage the services of Attorney Frank M. McDermott, who was instructed to bring about the nurse girl's release and to institute such other proceedings as might seem advisable.

"The police say they have not received official notification that the property has been recovered."

The complaint then alleges that the statements in the article that "the next day Mrs. Gracy (meaning plaintiff) found the ring in a place where she had put it and had forgotten about it," and "the charge on which she (meaning Rachel Anderson) was arrested had been disproved," are wholly false, and plaintiff has been thereby injured in her reputation, and persons have declined to associate or deal with her, and have sent her scurrilous communications, all to her damage in $10,000. The defendant has demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, which demurrer was overruled at Special Term.

[1, 2] It is well settled that any matter published concerning a person, which holds him up to reproach, scorn, or ridicule, or imputes to him bad actions or vicious principles, diminishes his respectability, and hence his comfort and enjoyment in the community, and is actionable per se. Morrison v. Smith, 177 N. Y. 366, 69 N. E. 725; Snyder

v. N. Y. Press Co., 137 App. Div. 291, 121 N. Y. Supp. 944; Triggs v. Sun, 179 N. Y. 144, 71 N. E. 739, 66 L. R. A. 612, 103 Am. St. Rep. 841, 1 Ann. Cas. 326. Had this article stated that the plaintiff forced a confession from the nurse girl and made the charge on which she was arrested and confined, then the false statement would be libelous per se that the plaintiff had the next day found the ring where she had put it and forgotten about it, and that the charge had been disproved, but nevertheless the girl was still held in jail. The article does not state who made the charge, nor who obtained the confession; unless this is shown by innuendo to have been written of the plaintiff, she has no right of action.

The interlocutory judgment is reversed, with costs, and the demurrer sustained, with costs, with leave, however, to the plaintiff to serve an amended complaint within 10 days from service of a copy of the order to be entered hereon together with notice of entry. In default of the service of an amended complaint, defendant may enter final judgment dismissing the complaint, with costs. Order filed. All concur.