DAVIS v. KELLY.

(Supreme Court, Appellate Division, First Department.   April 7, 1916.)

1. LIBEL AND SLANDER ⬳89(1)—ACTIONS—SPECIAL DAMAGES—NECESSITY.

In an action for libel, where special damages are not alleged, no damages are recoverable, unless the published words are libelous per se.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 213; Dec. Dig. ⬳89(1).]

2. LIBEL AND SLANDER ⬳89(1)—WORDS LIBELOUS PER SE—COMPLAINT.

In an action for libel, where no special damages are claimed, the publication of words libelous per se must be alleged.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 213; Dec. Dig. ⬳89(1).]

3. LIBEL AND SLANDER ⬳123(2)—ACTIONS—TRIAL—QUESTION FOR JURY—MEANING OF LANGUAGE.

In an action for libel, whether defendant used the words published, and whether they would be understood by readers of average intelligence in the libelous sense charged, is for the jury to determine.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 357; Dec. Dig. ⬳123(2).]

4. LIBEL AND SLANDER ⬳7(13)—WORDS IMPUTING CRIME—LARCENY.

In an action for libel, plaintiff pleaded the publication of a newspaper interview, in which defendant said that plaintiff under an assumed name had trailed her and her daughter to a summer resort, and "when he had left a diamond pin she had was gone," alleging by way of innuendo that the words used meant that plaintiff had committed larceny, etc. *Held*, that the article, if not libelous without the innuendo, is susceptible of the meaning ascribed in the innuendo, and hence libelous per se.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 41, 45–52; Dec. Dig. ⬳7(13).]

Appeal from Special Term, New York County.

Action by Albert J. Davis against Helen M. Kelly. From an interlocutory judgment sustaining a demurrer, plaintiff appeals. Reversed, with leave to answer.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, PAGE, and DAVIS, JJ.

Otho S. Bowling, of New York City, for appellant.

David C. Hirsch, of New York City (John F. McIntyre, of New York City, on the brief), for respondent.

LAUGHLIN, J.   The plaintiff in the first count of his complaint alleges a cause of action for slander, and in the second one for libel, for publishing in the New York Tribune the utterances complained of as slanderous, but with appropriate innuendoes charging that the words were used in a sense specified, which would make them libelous per se.   In Maerlender v. Porter, 114 App. Div. 180, 99 N. Y. Supp. 533, and Hemmens v. Nelson, 138 N. Y. 517, 34 N. E. 342, 20 L. R. A. 440, upon which respondent largely relies, there was no innuendo in the complaints ascribing a slanderous meaning to the words.   The article, with the innuendoes in brackets, is as follows:

"This summer [meaning and intending the summer of 1915] he [meaning and intending plaintiff] pursued us [meaning and intending defendant and one

Eugenia Kelly, her daughter] to Mackinac Island, where we were happy. We had forgotten all about the unpleasant things that had happened, and we were just good chums, when suddenly I noticed a change. A few days later I learned the answer. Davis [meaning and intending plaintiff], under the name of Powell, was on the island [meaning and intending said Mackinac Island] with another man and two women. He had trailed Eugenia out there [meaning and intending that plaintiff, covertly and furtively, in bad conscience, and with evil intent, had followed defendant's said daughter to said Mackinac Island]. *When he* [meaning and intending plaintiff] *had left, a diamond pin she* [meaning and intending defendant's said daughter] *had was gone* [meaning and intending thereby that the disappearance of defendant's daughter's said pin was connected with and resulted from plaintiff's presence on said island; that plaintiff had taken said pin; that plaintiff had taken said pin under circumstances indicating, on his part, dishonesty and moral turpitude; that plaintiff had stolen said pin; and that plaintiff had committed the crime of larceny]."

[1-3] Special damages are not alleged, and therefore no damages are recoverable, unless the article is libelous per se. Willis v. Elipse Mfg. Co., 81 App. Div. 591, 81 N. Y. Supp. 359. In such case the test of the sufficiency of the complaint is whether the article is libelous per se without any innuendo, or is susceptible ·of a meaning ascribed by innuendo which would render it libelous per se, and in the latter case it would be for the jury to determine whether the words were used and would be understood by readers of average intelligence in the libelous sense. Morrison v. Smith, 177 N. Y. 366, 69 N. E. 725; Demos v. N. Y. Evening Journal, 210 N. Y. 13, 103 N. E. 771; Turton v. N. Y. Recorder Co., 144 N. Y. 144, 38 N. E. 1009; Hemmens v. Nelson, supra; Van Heusen v. Argenteau, 194 N. Y. 309, 87 N. E. 437.

[4] Applying these rules, it is manifest that the article, if not libelous without the innuendo, is susceptible of the meaning ascribed in the innuendo, for it may have been understood by readers of ordinary intelligence as charging that plaintiff stole the pin.

It follows that the interlocutory judgment must be reversed, with costs, and the demurrer overruled, with costs, but with leave to defendant to answer on payment of the costs of the appeal and of the demurrer. All concur.