EUGENE CARROL, Respondent, *v.* GABRIEL W. WATTERSON, Appellant.

First Department, March 7, 1919.

**Libel — letter resulting in plaintiff's discharge from employment — words not libelous per se — failure to set out innuendo — failure to allege special damage.**

Action for a libel contained in a letter written to the plaintiff's employer which it is alleged reflected upon the plaintiff's good name and reputation and resulted in his discharge from his employment. The letter is set forth in the complaint in *hæc verba* but without any innuendo. *Held,* that the letter is not libelous *per se* in that it neither charges the plaintiff with a crime, nor holds him up to public scorn, ridicule or contempt, and, there being no innuendo, no question is presented as to whether the words are susceptible of a libelous meaning.

Where the plaintiff alleges only general damages he cannot recover the same for the discharge by his employer, for that may have resulted beneficially to him, and, if not, then special damages should have been alleged.

APPEAL by the defendant, Gabriel W. Watterson, from an order of the County Court of Bronx county, entered in the office of the clerk of said county on the 20th day of September,

1918, overruling his demurrer to the complaint on the ground of insufficiency and granting plaintiff's motion for judgment on the pleadings.

*Jehial M. Roeder* of counsel [*Weschler & Kohn*, attorneys], for the appellant.

*John T. E. Van Derveer* of counsel [*Neier & Van Derveer*, attorneys], for the respondent.

LAUGHLIN, J.:

The action is for an alleged libel contained in a letter which defendant wrote plaintiff's employer. It is alleged that plaintiff was a steamfitter by trade and that the letter was written of and concerning him, maliciously and with intent to injure him in his good name and reputation and to secure his discharge from his employment, and was false. The letter is set forth in *haec verba*, without any innuendo. Complaint is made in the letter of the part, characterized as " disgraceful," taken by the addressee of the letter and of a representative of his in trying to defeat the efforts of the defendant to collect money of the Audubon Building Company, and the writer states that he knows that defendant would " try to put the blame on Mr. Carrol," and that the fact that he kept " a man of this type " in his employ " is an acceptance of his acts," and that Carrol made *charges* against defendant and another four years before and had them " before the Executive Board of the Enterprise Association," where the charges stand and can be found. The writer then deplored the fact that the employer was " so weak " that he could not dictate to his employee " under such conditions as these," and expressed the hope that he might have the opportunity in the near future to repay the addressee tenfold, and closed as follows: " I do not know what the Master Steamfitters will think of annexing a member of your type to their Association, when I report same to them." The plaintiff then alleges that by reason of the premises he has been damaged and injured in his reputation and standing and held up to public scorn and disgrace and was discharged from his employment, and has suffered and will continue to suffer great mental pain and anguish, and has sustained damages in the sum of $2,000.

It is quite plain, we think, that the letter is not libelous *per se.* It neither charges the plaintiff with a crime nor does it set forth facts charging him with any dishonorable conduct or hold him up to public scorn, ridicule or contempt, and there is no innuendo attributing to the words any libelous meaning, so that no question is presented as to whether or not they would be susceptible of such a meaning. (*Morrison* v. *Smith,* 177 N. Y. 366; *Wuest* v. *Brooklyn Citizen,* 102 App. Div. 480; *Russell* v. *Barron,* 111 id. 382; *Irving* v. *Irving,* 121 id. 258; *Outcault* v. *N. Y. Herald Co.,* 117 id. 534; *Hart* v. *Woodbury Dermatological Institute,* 113 id. 281; *Nunnally* v. *Press Publishing Co.,* 110 id. 10.) General damages only are alleged, and they are not recoverable for the discharge of the plaintiff by his employer. That may have resulted beneficially to him, and if not, the special damages should have been alleged. (*Jockin* v. *Brassler,* 114 App. Div. 177; *Town Topics Publishing Co.* v. *Collier,* Id. 191.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and the plaintiff's motion for a judgment on the pleadings denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.