DANIEL T. GILMARTIN and Another, Appellants, *v.* JOHN J. DAY, Respondent.

First Department, October 30, 1925.

**Libel and slander — charge that checks indorsed by defendant and deposited with plaintiffs to hold for instructions were used by plaintiffs to cover advances is libelous per se — statement charges crime.**

It was libelous *per se* for the defendant to write that the defendant indorsed checks and deposited them personally with the plaintiffs with directions to hold for further instructions, and that the plaintiffs used the money to reimburse themselves in full for moneys advanced by them.

The statement charges a crime under section 1290, subdivision 2, of the Penal Law.

APPEAL by the plaintiffs, Daniel T. Gilmartin and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of December, 1924, granting defendant's motion for judgment dismissing the complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action, and also from an order entered in said clerk's office on the 29th day of December, 1924, resettling said order.

*Alexander & Ash* [*Mark Ash* of counsel; *Edward Ash* with him on the brief], for the appellants.

*Larkin, Rathbone & Perry* [*Thomas F. Dougherty* of counsel; *Parker Newhall* with him on the brief], for the respondent.

McAvoy, J.:

The action is for libel. The complaint alleges that at the times mentioned in the complaint plaintiffs were engaged in business in the city of New York as agents for the owners of ships and vessels in procuring employment for such ships in carrying cargoes, collecting the earnings and freights for the owners and disbursing thereout necessary expenses in navigation and the performance of freight contracts, as well as for repairs and other expenses incurred for the upkeep of the vessels, and to enable them to engage in navigation, including advances of moneys to owners of vessels and receipt of moneys from them from time to time for the purposes aforesaid before the earnings had been received, and finally paying over the net profits and earnings to the respective owners proportionately to their respective shares; that as ships' agents the plaintiffs occupied a fiduciary relation to the owners; and that throughout

the entire period the character and standing of the plaintiffs were good in the community in which they pursued said business, trade or occupation aforesaid.

The complaint further alleges that at the time of the publication of the libel the plaintiffs under the firm name of Gilmartin & Co. were the New York agents of the defendant, the managing owner of the schooner *G. J. Cherry.* It is asserted further that on or about August 8, 1924, defendant maliciously composed and published in a written statement of the accounting of the schooner *G. J. Cherry* of and concerning plaintiffs, referring to the checks in the aggregate of $2,835 which he had received from certain part owners of the vessel, the following false and defamatory matter, viz.: " Captain Day endorsed these checks and deposited them personally with Gilmartin & Co. [meaning the plaintiffs] in August, 1922, with directions to hold this sum pending his further instructions. Gilmartin & Co. [meaning the plaintiffs] used this money to reimburse themselves in full for money advanced by them."

Plaintiffs then allege that the publication was made by defendant by mail to certain named persons residing in the States of New York, New Jersey, Connecticut, Massachusetts, Maine, Delaware, North Carolina and South Carolina. Certain paragraphs of the complaint set forth that in and by the publication defendant intended to and did charge the plaintiffs with the commission of a crime under the laws of the various States in which the named persons resided to whom the publication was made by mail. Damages are claimed for the injury to plaintiffs' good name, character and reputation, in the sum of $50,000.

The liability of the defendant rests upon two grounds: (1) That the words of the defendant charged the plaintiffs with a crime; and (2) that the publication tended to injure the plaintiffs in their trade, occupation or business.

The words used by defendant in the quoted paragraph impute the commission of a crime by plaintiffs. The Penal Law, in section 1290, subdivision 2, makes one guilty of larceny who " having in his possession, custody, or control, as a bailee * * * agent * * * trustee * * * or as a person authorized by agreement * * * to hold or take such possession, custody, or control, any money, property, evidence of debt or contract, * * * appropriates the same to his own use, or that of any other person other than the true owner or person entitled to the benefit thereof."

. The language used is to be accepted in the sense which would naturally be conveyed to persons of ordinary understanding. (*Morrison* v. *Smith*, 177 N. Y. 366, 368.) In this light, when the defendant charged that he had " endorsed these checks " amount-

ing to $2,835 " and deposited them " with the plaintiffs " with directions to hold this sum pending his further instructions," and the plaintiffs " used this money to reimburse themselves in full for money advanced by them," the words by their very terminology " naturally conveyed to persons of ordinary understanding " (*Morrison* v. *Smith, supra*) that plaintiffs, having received moneys from the defendant with directions to hold pending further instructions, appropriated the same to their own use. This being alleged to be a crime in the places where the publication is said to have been made, the matter imputes such crime to plaintiffs, and they are entitled to damages for such injury as flowed from the tortious act.

The order should be reversed, with ten dollars costs and disbursements, and the motion for judgment denied, with ten dollars costs, with leave to the defendant to answer upon payment of said costs.

CLARKE, P. J., DOWLING, MERRELL and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.