SAMSON UNITED CORPORATION, Respondent, *v.* THE DOVER MANUFACTURING COMPANY, Appellant.*

Fourth Department, June 30, 1931.

*Leo J. Rice,* for the appellant.

*Edwin C. Redfern,* for the respondent.

TAYLOR, J. The action is for damages for libel. It is based upon a letter claimed to have been maliciously and wickedly circulated among plaintiff's business associates, its customers and the public in general. The complaint has been attacked for insufficiency, through a motion which has been denied, resulting in this appeal.

* Revg. 139 Misc. 312.

The letter is claimed to be libelous *per se*, in that it has necessarily resulted in financial damage to plaintiff's business. Unless this claim be good, the complaint is insufficient, for no special damage is alleged.

Citation of authority is unnecessary to the effect that a corporation may successfully bring a libel suit and that innuendoes cannot enlarge the meaning of language used, their office being solely to explain the application of the language. The letter, written from Philadelphia to a man in Dover, Ohio, reads as follows: " I enclose you an advertisement which appeared in one of our newspapers on the Samson Iron for $3.39. This appeared last Monday, in one of our local papers. They started off this iron here in town with full pages, at an advertised price of $5.95 — and at the bottom of the advertisement, they gave some 200 or 300 dealers whom these irons could be bought from at the $5.95 price.

" Thru Samson's ' high-powered ' outfit they got the different stores here on Market Street cutting the price. To-day this same iron is sold in Smellenburg's at $1.49. Now just imagine such a thing!

" They started here in town eight jobbers — and all the small trade which these eight jobbers sold are returning these irons to the jobbers; and the jobbers are refusing to pay for them and insist that Samson take them off their hands.

" You never saw such a ' mix-up ' in your life, regarding this Samson iron. They killed it here in Philadelphia — and they killed it by their ' high-powered ' salesmanship, which, as you know, don't do! Painting beautiful pictures, and then not living to what they say — don't go!

" I am just passing this information on to you, as I thought you would be interested."

The following statement appropriate to the subject-matter under consideration may be found on page 526 (52 L. R. A.): " An action of libel may be maintained by a corporation where the character or condition of its marketable products is misrepresented, or where the libel relates to its business so as to affect the confidence of the public and drive away its customers, or where the libel affects its credit in the community and weakens the public confidence so that it is more difficult to obtain credit or borrow money. It seems that in none of these cases is it necessary to allege special damage where the obvious effect of the libel would be to ruin the business. If the publication of the libel would not naturally tend to affect the marketable value of the corporation goods, or its financial standing, or its relations with its customers, or its obtaining business, special damages should be alleged and proved."

To the person of average understanding and reasoning faculties (and this is the test) " the letter " means no more than this: That " they " (plaintiff) started the sale of their flatirons in Philadelphia at an advertised price of five dollars and ninety-five cents each; that the irons were later advertised for sale at three dollars and thirty-nine cents; that plaintiff's efficient representatives (" high-powered ") brought about a 'cutting of prices on Market street, Philadelphia, to one dollar and forty-nine cents; that plaintiff commenced business in Philadelphia with eight jobbers, and that its trade was so small that the jobbers wanted plaintiff to take back the irons in their possession; that the business methods used by plaintiff were unsuccessful in Philadelphia because its representatives were too active and zealous. " Painting beautiful pictures, and then not living to what they say — don't go! " may mean various things to various people. But nothing is said in this letter concerning the merits or demerits of plaintiff's goods; no business deceitfulness is alleged and no claim is made that plaintiff's credit has been impaired. Too great effort for business success in Philadelphia, unwise methods and unsatisfactory results are all we find to be the fair intendment and meaning of the letter. (*O'Connell* v. *Press Publishing Co.*, 214 N. Y. 352; *Kloor* v. *New York Herald Co.*, 200 App. Div. 90; *Reporters' Association* v. *Sun Printing & Publishing Assn.*, 186 N. Y. 437; *Willis* v. *Eclipse Mfg. Co.*, 81 App. Div. 591; *Perley* v. *Morning Telegraph Co.*, 131 id. 599; appeal dismissed, 196 N. Y. 515; *First National Bank* v. *Winters*, 225 id. 47.)

If special damages have been suffered, they may be alleged in a new complaint and proved at the trial.

The order appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, plaintiff to have the privilege, however, of serving an amended complaint upon payment of costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to plead over within twenty days upon payment of the costs of the motion and of this appeal.