Thomas A. Aurelio, J.
Defendants move for dismissal of the complaint for insufficiency, contending that the stated cause requires allegation of special damage and none is set forth. The action is in libel or disparagement of product without reference to the name of the fabricator. Plaintiff is the manufacturer of a product known as ‘ ‘ Snooze ’ ’. Defendants are charged with the statement: “ ‘ Snooze ’, the new aid for sleep. Snooze is full of all kinds of habit-forming drugs. Nothing short of a hospital cure will make you stop taking Snooze. You’ll feel like a run-down hound dog and lose weight. ’ ’
The statement must be regarded as permitting ‘‘ the conclusion that the misrepresentations with respect to [“ Snooze ”] are of such a nature as to constitute a fraud upon the public, and that the manufacturer is guilty of fraud and deceit ” (Drug Research Corp. v. Curtis Pub. Co., 7 A D 2d 285, 287). Allegation of special damage: is not necessary ‘1 when the language is of so defamatory a nature as to directly affect credit and to *209 occasion pecuniary injury” (Reporters’ Assn. v. Sun Print. & Pub. Assn., 186 N. Y. 437, 441). It is enough if the publication in its ordinary meaning was naturally and proximately injurious to the plaintiff and in that event impairment of credit and reputation is presumed (O’Connell v. Press Pub. Co., 214 N. Y. 352, 358; Samson United Corp. v. Dover Mfg. Co., 233 App. Div. 155). The motion is denied.