## Vanover v. W. M. Ritter Lumber Company.

(Decided December 12, 1919.)

### Appeal from Pike Circuit Court.

1. Libel and Slander—When Words Are Actionable Per Se.—Any words, oral or written, which prejudice one in his profession or trade are actionable per se.
2. Libel and Slander—Words Prejudicing One in His Profession.— Plaintiff, an attorney at law, had brought suit in behalf of a client to recover damages against a lumber company. While endeavoring to compromise the action with the client, the company's superintendent said, "If you don't compromise this for the four hundred dollars, the company will go over to Pikeville and buy your attorney out for a hundred or two dollars": Held, that the words were not actionable since they meant nothing more than that the company would make an effort to buy the attorney out, and were not sufficient to charge that the attorney was a man who would sell out his client.

E. J. PICKELSEIMER for appellant.

AUXIER, HARMON & FRANCIS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Roscoe Vanover, brought this suit against the W. M. Ritter Lumber Company and J. B. Holbrook to recover damages for slander. The lumber company's demurrer to the petition as amended was sustained and the petition dismissed. Plaintiff appeals.

After alleging that plaintiff was a regularly licensed and practicing attorney at law, and that the lumber company was a corporation, the petition is as follows:

"Plaintiff says that on the 22nd day of March, 1918, as attorney for David Shortridge, who sued by his father and next friend, James F. Shortridge, he filed suit in the Pike circuit court for the said David Shortridge against defendant, W. M. Ritter Lumber Company, for personal injury alleged to have been done the said David Shortridge by alleged negligence of the defendant W. M. Ritter Lumber Company and placing the damages at $3,000.00. An attested copy of said petition is filed herewith and made a part of this petition and is marked exhibit No. 1 for identity.

"Plaintiff says that the defendant, W. M. Ritter Lumber Company, became very anxious to settle and compromise said suit with the said David Shortridge and his father, James F. Shortridge, and both defendants herein entertained malice and ill feeling towards this plaintiff because he was of counsel for the said David Shortridge against the said W. M. Ritter Lumber Company and because this plaintiff, as attorney, had represented a number of clients against the defendant, W. M. Ritter Lumber Company. Plaintiff says that at all times mentioned in this petition the defendant, J. B. Holbrook, was 'yard superintendent' for defendant, W. M. Ritter Lumber Company, at its said lumber mill at the mouth of Lower Elk creek in Pike county, Kentucky, where the said David Shortridge was injured and for which he sued with this plaintiff as his attorney in said suit.

"Plaintiff says that on the —— day of April, 1918, and in Pike county, Kentucky, the defendant, J. B. Holbrook, while acting for the defendant, W. M. Ritter Lumber Company in trying to make a compromise of said suit of David Shortridge, by &c. v. W. M. Ritter Lumber Company, and while acting for and on behalf of defendant, W. M. Ritter Lumber Company, in attempting to compromise said suit of Shortridge, by &c. v. W. M. Ritter Lumber Company, and after offering said James F. Shortridge, father of the infant plaintiff, David Shortridge, four hundred dollars to compromise said suit and when it was that the said offer of compromise was refused by the said Shortridges, then it was that the defendant, J. B. Holbrook, still acting for defendant W. M. Ritter Lumber Company, in trying to effect said compromise and with malice towards plaintiff, which was held and entertained by both defendants against this plaintiff, the defendant, J. B. Holbrook, falsely, maliciously, and with the wicked design of injuring plaintiff in his calling and profession of a lawyer and injuring his good name and character as well as to also effect a compromise of said suit, said to the said James F. Shortridge:

" 'If you don't compromise this for the four hundred dollars, the company (meaning the defendant, W. M. Ritter Lumber Company) will go over to Pikeville and buy your attorney out for a hundred or two dollars.'

"Plaintiff says that he was the only attorney for David Shortridge in said suit and that the defendant, J. B. Holbrook, in speaking the false and slanderous words above set out about buying out said Shortridges' attorney, was speaking directly about this plaintiff and about no other person, and thereby falsely charged this plaintiff of unprofessional conduct and of the crime of selling out his clients' interests and of being untrue to his clients and by these false and slanderous lies did effect a compromise of said suit, all to plaintiff's damage in the sum of fifty thousand dollars."

The amended petition is as follows:

"That at the time of the speaking of the slanderous words set out in plaintiff's petition, that the said J. B. Holbrook was then superintendent of the defendant W. M. Ritter Lumber Company's work at Lower Elk, Pike county, Kentucky, and in making said settlement of said suit of David Shortridge, etc. v. W. M. Ritter Lumber Company was then acting for said company in making said settlement and at the time of speaking slanderous words set out in plaintiff's petition and by the use of said slanderous words and lies did effect and procure a settlement of said case and that the defendant, W. M. Ritter Lumber Company, approved of said settlement and accepted the benefit of said lies and slanderous words as spoken by its superintendent in effecting said settlement and still ratifies same by accepting and holding on to the benefits derived by the use of said words so spoken by its said superintendent in effecting said settlement."

It will be observed that the alleged slander consisted of the following words: "If you don't compromise this for the four hundred dollars, the company will go over to Pikeville and buy your attorney out for a hundred or two dollars." The only question we deem it necessary to consider is whether the words are actionable. It may be conceded that any words, whether oral or written, which prejudice one in his profession or trade, are actionable *per se*. Spears v. McCoy, 155 Ky. 1, 159 S. W. 610; Williams v. Riddle, 145 Ky. 459, 140 S. W. 661, 36 L. R. A. (N. S.) 974, Ann. Cases 1913 B, 1151. Hence, words which impute to an attorney the want of the requisite qualifications to practice law, or with having been guilty of dishonest or improper practices in the

performance of his duties as an attorney, are actionable *per se.* 17 R. C. L., sec. 47, p. 307. Following this rule, it has been held that it is slanderous to say; of an attorney that he is a disgrace to his profession as a lawyer, or that he is smooth, tricky and dishonest; Ingalls v. Morrisy, 154 Wis. 632, 143 N. W. 681, Ann. Cases 1915 D, 899; or that he was disloyal to his clients' interests; Hetherington v. Sterry, 28 Kan. 426, 42 Am. Rep. 169; or that he has made extortionate charges or that he is a drunkard; Sanderson v. Caldwell, 45 N. Y. 398, 6 Am. Rep. 105; and in the case of Chipman v. Cook, 2 Tyler (Vt.) 456, the words, "Darious Chipman is a man not to be trusted in his business as an attorney. He will take fees on both sides," were held to be actionable. It will be observed that in all these cases the words were spoken about the attorney himself, and there was a direct charge or a clear imputation that he was unfit to be an attorney because of his moral obliquity or his infidelity to his clients. In the case at hand, the words consisted of a threat that if the litigant did not compromise the case the company would buy out his attorney for a hundred or two dollars. Giving full force and effect to this language, it meant nothing more than that the company would make an effort to buy the attorney out. It contained no charge as to what the attorney would do, but left that matter undetermined. We therefore conclude that the language was not sufficient to charge that the attorney was a man who would sell out his client. It follows that the demurrer to the petition as amended was properly sustained.

Judgment affirmed.