CASE 67.—ACTION BY T. J. PATTERSON AGAINST S. M. BUR-
GESS & CO.—January 14, 1908.

## Burgess & Co. v. Patterson.

Appeal from Edmonson Circuit Court.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Libel—Words Actionable Per Se.—A letter stating that the writer had before advised addressee that plaintiff was moving timber unlawfully off the writer's land, and that the writer again notified addressee that when he received ties from plaintiff cut off the writer's land he was receiving stolen property, and that if the notice was not heeded the matter would be laid before the proper officials, was libelous per se.

2. Same—Pleading—Allegation of Special Damage.—Where a letter is libelous per se, it is not necessary to allege or prove special damage.

3. Same—Persons Liable—Partnership.—A libelous letter written in respect to the business of a partnership, asserting title by the partnership as such to the personal property in regard to which it is written, and signed with the partnership name by a member thereof, renders all the partners liable.

4. Same—Damages—Excessive.—A verdict of $1,500 for a libelous charge of theft is not so excessive as to indicate passion or prejudice.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellee, T. J. Patterson, recovered of appellants, S. M. Burgess & Co., in the court below, a verdict and judgment for $1,500 in damages for an alleged libel. Appellants were refused a new trial, and now seek by this appeal a reversal of the judgment complained of.

The alleged libel consisted in the publication by appellant of the following letter: "Mr. J. B. Toms, Big Reedy, Ky.—Dear Sir: We have your favor of the 20th, and from it we judge that you want to be technical about the deal you have with Mr. T. J. Patterson. We advised you once before that Mr. Patterson was moving timber unlawfully off of our land, and asked you kindly to not encourage him in the matter. As you seem disposed to lean to Mr. Patterson, we will again notify you that, when you receive ties from him cut off of our land, you are receiving stolen property, and if you do not heed this notice we expect to lay the matter before the proper officials of your county." The letter contained the signature of appellants as a firm or partnership, admittedly written by the appellant, S. M. Burgess, a member of the firm. The defense interposed by appellants' answer was (1) that the writing in question was not libelous; (2) that it was written by S. M. Burgess as an individual, and not as a member

of the firm of S. M. Burgess & Co., and that in writing
the letter and signing the name of the firm thereto
he acted without authority from the other members
of the firm, and they were not liable for the writing
or publication of the libel;   (3) that the letter was
written and published without malice, and its state-
ments constituted a privileged communication; (4)
that its statements were true, and therefore justified
its publication.  It is fairly apparent from the record
that appellee had a right to sell and deliver to J. B.
Toms the ties mentioned in the letter, and further
apparent that the letter in question was seen and
read by several persons besides Toms, to whom it
was written.

Numerous grounds were urged by appellants in
support of the motion for a new trial, but we deem
it necessary to consider only such of them as are
relied on for a reversal of the judgment.  The most
serious contention of appellants is that the writing
complained of by appellee is not libelous, and there-
fore it is argued that the lower court erred in over-
ruling their demurrer to the petition.  It is insisted
that the language of the letter does not charge or
import the commission of a crime; that it does not, in
meaning or effect, tend to disgrace or degrade appel-
lee, or make him odious, contemptible or ridiculous,
nor was its language such as to injure him in his pro-
fession or calling.  We cannot sustain this contention.
The matter of the letter was clearly libelous.    Its
statements did more than impute to appellee an un-
lawful taking of appellants' ties, amounting to a
trespass.  A false charge that one has committed a
trespass, though not slanderous if merely spoken,
will, if maliciously written and published, constitute
libel, provided it is charged to have been committed

under such circumstances as would be reasonably calculated to degrade, disgrace, or render odious the person charged. Such was the effect of the communication from appellants. Indeed, it did not stop with the charge of unlawful taking of ties by appellee, but by the following words in effect added the charge that appellee had stolen them: "We will again notify you that when you receive ties from him, cut off of our land, you are receiving stolen property, and if you do not heed this notice we expect to lay the matter before the proper officials of your county." The meaning conveyed by these words is, not that appellee was guilty of a mere trespass committed by cutting from appellants' land ties which he had sold or was about to sell Toms, but that he had stolen ties cut from their land. It is not charged the ties were cut by appellee from appellants' land; and if they were cut by another, though without right, and allowed to remain on the land, and were appellants' property and constructively in their possession, they became, by reason of their severance from the soil and having been converted into ties, the subject of larceny, and, if then feloniously taken from the land by appellee and sold to Toms, that act constituted the crime of larceny. The language of the letter being susceptible of this construction and meaning, its effect was to disgrace appellee and injure his reputation. The communication was, therefore, actionable per se, and it was not necessary for appellee to allege or prove special damages.

We find little merit in the objections made by appellants to the instructions. It would have been better for the trial court to have set forth in instruction No. 1 the libelous words complained of;

but the omission to do so was, we think, cured by the manner in which the instructions as a whole presented to the jury the entire law of the case. We have been unable to discover any substantial error in the instructions. The jury were not authorized by the evidence to conclude that the communication complained of was privileged.

We are also unable to see that the evidence relieved the other members of the firm of S. M. Burgess & Co. from liability for the act of S. M. Burgess in writing and publishing the libelous letter. It was written in respect to business of the firm, asserted title by the firm as such to the ties in regard to which it was written, and contained the name of the firm, signed by a member thereof. In Newell on Slander and Libel, section 27, it is said: "If a partner, in conducting the business of a firm, causes a libel to be published, the firm will be liable, as well as the individual partner. So if any agent or servant of the firm defames any one by the express direction of the firm, or in accordance with the general orders given by the firm for the conduct of their business. To hold either of the members of a partnership, it is not necessary that the partner should publish the libel himself. It is sufficient if he authorized, incited, or encouraged any other person to do it, or if, having authority to forbid it, he permitted it, the act was his."

The amount of the verdict is not so excessive as to indicate that it was superinduced by passion or prejudice on the part of the jury.

Judgment affirmed.