## Wells, et al. v. Payne.

(Decided January 13, 1911.)

### Appeal from Taylor Circuit Court.

1. Fire Insurance—Competitive Business—Mutual Rights and Obligations.—While one might criticise the system or plan of a competitor in the Fire Insurance business or persuade people to insure with his company on the grounds that it was richer and therefore safer, or better established, he must, in stating facts relative to his competitor, tell the truth, or, if he perverted the facts, then it was competent for the other party to tell him so, or to write to him that he was not telling the truth, or, if it was for the purpose of getting away from the other company its business, then that was fraudulent in law.

2. Verdict—Palpably Against Evidence.—Where a verdict is so palpably contrary to the evidence as to strike the mind at first blush to have been given under passion or prejudice, or some equivalent misdirection, the court erred in not setting it aside.

3. Misrepresenting Solvency of Competitor—Fraud in Law.—Where plaintiff misrepresented the solvency or standing, of a competitor in the Fire Insurance business, or the character of its management, for the purpose of having its policy holders to cancel their insurance, or to drop it, so that he, for his own company might get the business, it was in law a fraud.

4. "Business"—Fairness in Seeking it—Crushing Weak Adversary—Filching Good Name.—While "business" is open for any who may obtain the patronage, and no one is bound to respect the fact that another already has the patronage, yet it is unfair to misrepresent a competitor as to facts. It is unconscionable to crush a weak adversary by seducing his customers from him by falsely stating his solvency or the character of his dealings. To "filch ones good name" may be punished.

5. Writing—Justifying Truthfulness—Facts to be Shown.--The writing sued on being admitted, and justified by plea of its truthfulness, it was incumbent on the defendants to show (1) that appellee made, in substance the statements attributed to him; (2) that they were substantially untrue, and (3) that they were made by him to get appellant's business away from it. Under that issue appellee was entitled to show (a) that he did not make the statements; or (b) that they were substantially true, and (c) that they were not made to get appellant's customers.

J. W. RAWLINGS for appellant.

No attorney for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellant A. N. Wells is the general manager of the Farmers Home Insurance Company, a co-operative assessment fire insurance company organized under sections 702-722, Kentucky Statutes. The business of the company is limited to ten counties by its charter and by the statute, and is confined to insuring its members against loss or damage by fire during the terms of their respective policies. Losses are payable by assessments made upon all holders of policies of the same class ratably. Until paid the assessment is a "lien upon the property insured to secure the payment of such assessments and calls as may be legally made under the contract of insurance." (Sec. 712, Kentucky Statutes.) As to indebtedness of such corporation it is provided, by section 710, Kentucky Statutes, as follows:

"The officers of such corporation shall not enter into any contract or agreement, or make any debt of any kind, except for payment of losses or damages as aforesaid, that will require any assessment of more than fifty cents on one hundred dollars of insurance in force. Neither shall the officers of any such company use for current expenses any money assessed for losses or damages, and all money for such expenses raised by assessment must be so stated in the notice calling for same."

Appellee W. C. Payne was an insurance solicitor representing the Continental Insurance Company of New York. Among the counties in which the Farmers Home Insurance Company was authorized to do business is Taylor county. W. C. Payne resided in Taylor county, and was doing business there as an insurance agent

or solicitor of insurance. 'The competition for the business of the same class by Payne and agents of the Farmers Home Insurance Company caused a rivalry between them. The Farmers Home policy holders began to drop their insurance, until it is said as much as $50,000 of it in Taylor county was lapsed or cancelled. Complaints were made to Wells by policy holders of the Farmers Home as to representations concerning the standing of that company, in which it was claimed Payne had represented that the Farmers Home was a "wild-cat" company, and insolvent. Wells personally investigated the matter. He found upon inquiry, that Payne had made those and similar representations concerning the reliability of the Farmers Home Insurance Company, to a great many people in Taylor county. Thereupon Wells sent Payne a notice, which he caused to be served by the delivery of a copy by the coroner of Taylor county, in which it was, in substance, charged that Payne was "meddling with the affairs of the Farmers Home Insurance Company by misrepresentation, prevarication and thereby fraudulently taking up policies and replacing them with policies of the Continental of New York," and with discouraging holders where he could not succeed in procuring them to cancel their policies; and by every possible word, act, and deed endeavoring to belittle the company, thereby reaping profits for himself and "thereby defrauding the Farmers Home Insurance Company of its business that it had bought and paid for." The remainder of the notice was an amplification of the charge, mostly by repetition. The notice was signed "Farmers Home Insurance Company, by A. N. Wells, general manager." Payne brought this suit for damages because of the alleged libel contained in the writing. He charges that its accusations are false, and were made maliciously by Wells on behalf of the Farmers Home Insurance Company. The trial resulted in a verdict of $250 in favor of the plaintiff against the defendants.

Defendant Wells pleaded the truth of the charges in justification. The company denied Wells' authority to have spoken for it in such behalf.

The evidence for the defendants, being the testimony of a score of people in Taylor county whom Payne had solicited to surrender their insurance in the Farmers Home Company, and to whom he had represented it as being an insolvent, a wild-cat company; that its reports

to the State Insurance Commissioner showed that it was broke, and that each policy holder was bound for all the insurance and debts, which was by law a mortgage on his farm. Every charge made in the written notice was sustained to some extent, and most of them by amplest proof. Payne alone testified for the defense (save the coroner, who merely proved the service of the notice). He admits most of the conversations attributed to him by defendant's witnesses, except that he denied saying that the Farmers Home was broke, and in the main, claimed his conversations were more of a criticism of the character of business done upon the assessment plan, than a condemnation of this particular company.

While Payne might criticise the system or plan of a competitor, or persuade people to insure with his company on the argument that it was richer and therefore safer, or better established, or for any other legitimate reason was preferable to the local concern, he must, in stating facts relative to his competitors tell the truth; or, if he perverted the facts, then it was competent for the other party to tell him so, or to write to him that he was not telling the truth; and if it were the further fact that what he did and said was for the purpose of getting away from the other company its business, then that was fraudulent in law. It is difficult to understand how, under the proof, the jury found a verdict in behalf of the plaintiff. The verdict is so palpably contrary to the evidence as to strike the mind at first blush as to have been given under passion or prejudice, or some equivalent misdirection. There was no evidence offered that the Farmers Home was insolvent, or that it was mismanaged, or had been condemned by the insurance commissioner. We think that the circuit court erred in not setting aside the verdict and granting appellee a new trial.

Upon another trial the court should instruct the jury that if the plaintiff Payne misrepresented the solvency, or standing of the Farmers Home Company, or misrepresented the extent of its liabilities, or the character of its management or business, for the purpose of having its policy holders to cancel their insurance, or to drop it so that he for his company might get the business, it was in law a fraud upon the Farmers Home Company; that it was such if he so misrepresented the facts, knowing them to be untrue, or if he in ignorance of the truth misrepresented them as of his own knowledge. While "business" is open for any who may obtain the patron-

age, and no one is bound to respect the fact that another already has the patronage, yet it is unfair to misrepresent a competitor as to facts; it is unconscionable to crush a weak adversary by seducing his customers from him by falsely stating his solvency, or the character of his dealings. To "filch one's good name" may be punished, it may therefore be rebuked, and even threatened with legal visitation. If the witnesses who testified in this record for appellants are believed, appellee represented the Farmers Home Insurance Company as "wild-cat," which we understand means an irresponsible predatory concern, without evidence to sustain that accusation; that it was seriously embarrassed financially, whereas there is no evidence of that fact; that its liabilities are equivalent to mortgages upon its members "farms," whereas they are at most limited to being liens on "the property insured," which is houses, not lands. In fact, there was not an attempt by appellee to sustain any of the charges he is shown to have made against the Farmers Home Insurance Company; he confined himself to denying their animus.

The writing sued on being admitted, and justified by plea of its truthfulness, it was incumbent on the defendants to show (1) that appellee made, in substance, the statements attributed to him; (2) that they were substantially untrue, and (3) that they were made by him to get appellant's business away from it. Under that issue appellee was entitled to show (a) that he did not make the statements; or (b) that they were substantially true; and (c) were not made to get appellant's customers.

Appellant Farmers Home Insurance Company insists that it is not bound, in any event, by the libelous writings of its agent, as such was not within the scope of his agency.

But Wells was not only acting in the name of his principal; he was acting for it, in its affairs, and for its benefit. The company is liable for such acts of its agents. (Pennsylvania Iron Works Company v. Henry Vogt Machine Co., 29 Ky. Law Rep., 861, 96 S. W., 551; Burgess & Co. v. Patterson, 32 Ky. Law Rep., 624, 106 S. W., 837.)

For the error indicated the judgment is reversed and cause remanded for new trial consistent herewith.