# DECISIONS

OF THE

# Court of Appeals of Kentucky

## FALL TERM, 1913

### Spears v. McCoy.

(Decided September 30, 1913).

### Appeal from Pike Circuit Court.

1. Libel and Slander—Pleading—Innuendo.—An innuendo cannot extend the meaning of words beyond their natural import. It is only explanatory of some matter already expressed, and may show the application, but cannot add to or enlarge or change the sense of the words.

2. Libel and Slander—Words Tending to Injure in Profession or Imputing Unfitness in Office—Actionable Per Se.—Where defendant made the alleged false statement that plaintiff, a school teacher, dismissed the boys, kept the girls in, gave them candy and courted them," such words were sufficient to impute unfitness to perform his duties in his office as a teacher, and tended to injure him in his profession of teacher, and are therefore actionable per se.

3. Libel and Slander—Words Actionable Per Se—Pleading—Allegation of Special Damage—Necessity For.—In an action for slander it is not necessary to allege special damage where the words complained of are actionable per se.

CHILDERS & CHILDERS for appellant.

J. S. CLINE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, Rediford Spears, brought this action against Mont McCoy to recover damages for slander. A demurrer was sustained to the petition and the petition dismissed. Plaintiff appeals.

The petition is as follows:

"The plaintiff, Rediford Spears, states that he is a teacher of common schools by profession in Pike County, Kentucky, which county is his home and in which county he now resides; that he holds a first class certificate to teach in the common schools of said county and has been a teacher for the last 10 years. -

"He states that the defendant, Mont McCoy, in Pike County, Kentucky, on the —— day of July, 1912, and in the presence and hearing of different and divers persons, spoke of plaintiff falsely and maliciously, wrongfully and unlawfully, these words, to-wit: 'I do not want such a teacher as Rediford Spears because he is all the time courting the girls and did court them last year in the school; that he would dismiss the boys last year in school and keep the girls in and give them candy and court them,' meaning thereby that the plaintiff who taught in sub-district number 124, Pike County, Kentucky, last year, had kept the girls who were his students in after the boys had been dismissed and had had carnal sexual intercourse with them; that plaintiff is now employed to teach in said sub-district for the coming school year; that he makes his living by teaching in the common schools of Pike County; that said language, which is false and untrue, has greatly injured his reputation as a teacher and has caused him to suffer great mental anguish and humiliation and has greatly injured his character to his great damage in the full and just sum of $10,000.

"Wherefore, plaintiff prays judgment against the defendant for the sum of $10,000 for costs and all proper relief."

While there is an attempt on the part of plaintiff to give a very strained construction to the words which it is alleged that the defendant spoke of him, it is well settled that an innuendo cannot extend the meaning of words beyond their natural import. It is only explanatory of some matter already expressed. It may show the application, but cannot add to or enlarge or change the sense of the words. Watson v. Hampton, 2 Bibb., 319; Moore v. Johnson, 147 Ky., 584. The question, therefore, turns on whether or not the words are actionable *per se*. Words are slanderous or actionable *per se* only in cases where they are falsely spoken, and (1) impute the commission of a crime involving moral turpitude, for which the party might be indicted and punished;

or (2) impute an infectious disease likely to exclude him from society; or (3) impute unfitness to perform the duties of an office or employment; or (4) prejudice him in his profession or trade; or (5) tend to disinherit him. In all other cases spoken words are either (a) not actionable at all; or are only actionable (b) on proof of special damage. Williams v. Riddle, 145 Ky., 459; Pollard v. Lyon, 91 U. S., 225. While it is true that the words in question do not impute the commission of a crime involving moral turpitude, for which plaintiff might be indicted and punished, the question is: Do they fall under either the third or fourth class; that is, do they impute to plaintiff unfitness to perform his duties in his office as teacher, or do they prejudice him in his profession of teacher? It is clear that the words were spoken of him not in his individual capacity, but in his capacity as a teacher. The charge is that he dismissed the boys, kept the girls in, gave them candy and courted them. Naturally the patrons of a school would not want such a teacher. They send their young daughters there to be instructed, not to be courted. A teacher who indulges in such a practice would not be acceptable to the patrons, and could not long continue in office. The charge is not only sufficient to show unfitness, but to discredit his standing in his profession. We, therefore, conclude that the words are actionable. It is insisted, however, that not only were no special damages alleged, but that as the petition shows that the plaintiff has again been employed to teach the same school, the petition fails to show that he has been damaged at all. In answer to the first contention it is sufficient to say that where the words spoken impute unfitness to perform the duties of the office or employment, or prejudice him in his profession or trade, they are actionable *per se*, and it is not necessary to allege and prove special damages. Williams v. Riddle, 145 Ky., 459; Newman on Pleading & Practice, sec. 230. Nor is the fact that he has been already employed for the coming year conclusive of the question of damages. Notwithstanding this employment, he may be discharged or be otherwise discredited in his profession.

It follows that the trial court should have overruled the demurrer to the petition.

Judgment reversed and cause remanded for proceedings consistent with this opinion.