## Hall v. Huffman.

(Decided May 19, 1914.)

### Appeal from Pike Circuit Court.

1. Pleading—Construction.—In considering a pleading after an adverse verdict the same strict rule of construction applies as if it were being tested upon demurrer in the first place.

2. Libel and Slander—Innuendo.—The natural and reasonable meaning of words cannot be enlarged by an innuendo.

3. Libel and Slander.—To say of one that he is a cuckold is slanderous per se.

4. Libel and Slander—Charge that One is Cuckold—Pleading.—In a suit by a wife for slander because one said that her husband had been cuckolded, it must be alleged that she was his wife at

the time the charge is said to have been made, otherwise the words do not impute adultery to her.

J. S. CLINE for appellant.

BUTLER & MOORE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Lee Hall, the wife of John Hall, sued Effie Huffman for slander. The case went to trial, and the jury returned a verdict for the defendant. She appeals, complaining of numerous errors of the court below in the introduction and rejection of evidence, and also as to the instructions given.

The first question, however, is as to the sufficiency of her petition, to which a demurrer was overruled. If it will not support a judgment the verdict against her cannot be said to cure it, and since we have reached the conclusion that her petition is fatally defective, it will not be necessary to consider the errors she complains of.

Her petition is as follows:

"The plaintiff, Lee Hall, states that she is a married woman, the wife of John Hall; that on the day of ................., 1911, the defendant, Effie Huffman in Pike County, Kentucky, in the presence of divers persons, falsely and maliciously spoke of and concerning plaintiff these words:

"That John Hall said that he had cuckled her husband, John Hall, thereby meaning, and the hearers so understood it to mean that plaintiff was guilty of adultery; that the John Hall spoke of that had cuckled her husband was a distant relative of her husband, to plaintiff's damage in the sum of $5,000.00. She states that defendant is a resident of Pike County."

If the words spoken have reference to appellant, they are clearly actionable. (Townshend on Slander and Libel, Third Edition, pp. 265-236.) According to Webster, a cuckold is a man whose wife is unfaithful; the husband of an adultress. It is explained that the word alludes to the habit of the female cuckold which lays her eggs in the nests of other birds to be hatched by them.

To make a cuckold of a man is to seduce his wife, and in order to determine the sufficiency of the petition it is only necessary to see whether plaintiff, at the time she

alleges the words were spoken by John Hall of her husband, was his wife, because in only that way can it be said that the words were spoken of her, and, of course, if the words were not spoken of her, she has no cause of action.

The effect of her petition is that at the time it was filed she was the wife of John Hall, and that the defendant, Effie Huffman "spoke of and concerning plaintiff" certain words. The words show that they had direct reference to her husband. When defendant repeated the words that John Hall said he had cuckolded her husband, John Hall, the most that can be said is, that she was merely identifying the John Hall who had been imposed upon, but whether the plaintiff was the wife of John Hall at the time he was imposed upon does not appear. There being two John Halls connected with the story, makes this theory all the more reasonable, and in this view of the allegations it does not necessarily follow that this plaintiff was at the time the wife of John Hall, and therefore the adulteress. He may have been married before his union with the plaintiff, and so far as any allegations of the petition are concerned, the words spoken of John Hall may have referred to a time when he was yet in marriage with another woman, and the indirect charge of adultery may have had reference to a former wife. These deductions are not strained or far-fetched, for in considering a pleading after an adverse verdict, the same strict rule of construction applies as if we were testing it upon demurrer in the first place. We must construe it most strongly against the pleader. Neither will the allegation made by way of innuendo, that the defendant intended, and the hearers understood her to charge that plaintiff was guilty of adultery, supply the necessary allegation that plaintiff was the wife of John Hall at the time he is said to have been imposed upon. As is said in the case of Moore v. Johnson, 147 Ky., 584, if there is any principle in the law of slander that is well settled, it is that the natural and reasonable meaning of words laid cannot be enlarged by an innuendo. Townshend on Slander and Libel, Third Edition, section 335, says:

"If the words before the innuendo do not sound in slander, no meaning produced by the innuendo will make the action mantainable, for it is not the nature of an innuendo to beget an action. * * * The office of an innuendo is to explain, not to extend, what has gone

before, and it cannot enlarge the meaning of words, unless it be connected with *some matter of fact expressly averred."* Holt v. Ashby, 150 Ky., 612; Spears v. McCoy, 155 Ky., 1.

Since the words spoken only have an indirect reference to plaintiff's husband, and to become applicable to her it must appear that she was his wife at the time he was said to have been imposed upon, and except the innuendo, the petition being absolutely silent as to that fact, we conclude that it states no cause of action.

The judgment of the lower court is, therefore, affirmed.