WALTER B. TOWER, Plaintiff, *v.* EDMUND CROSBY, Defendant.

Supreme Court, Wayne Special Term, May 2, 1925. .

Libel — libel per se — averment as inducement and colloquium may be taken into consideration to determine whether or not publication is libelous per se — facts alleged as inducement in complaint taken with publication complained of, charges plaintiff with conduct affecting his standing and honesty, and tends to injure his character in opinion of others — complaint sufficient.

An averment as an inducement and colloquium may be taken into consideration to determine whether or not a publication is libelous *per se*. Accordingly,

plaintiff's complaint in an action for libel, in which the facts alleged as an inducement in the complaint, taken together with the publication complained of, charge plaintiff with conduct affecting his standing and honesty, tending to injure his character in the opinion of others, is sufficient.

MOTION by defendant for judgment on the pleadings in action for libel.

*Hudson & Hyland,* for the plaintiff.

*A. J. & F. A. Parker,* for the defendant.

THOMPSON, J.:

To determine whether or not a publication is libelous *per se* it seems that the surrounding circumstances must be taken into account, though not the innuendoes advanced by the pleadings. (36 C. J. 1151; 17 R. C. L. 265.)

Thus an averment as inducement and colloquium must be considered for they relate to the substance and not to the application of the charge. (*Riley* v. *Gordon,* 192 App. Div. 443; *Van Heusen* v. *Argenteau,* 194 N. Y. 309; *Feely* v. *Vitagraph Co.,* 184 App. Div. 527; Rules Civ. Prac. rule 96.)

While the use the court makes of the term in *Brown* v. *Tregoe* (236 N. Y. 497, 502) and *Davis* v. *Kelly* (172 App. Div. 171, 172) suggests that the innuendoes may be consulted in arriving at a conclusion as to whether or not a writing is libelous *per se,* the general rule seems to be that a libel depending upon an innuendo is not *per se* but *per quod,* and is only actionable for such special damages as are directly and proximately caused by it. And these damages must be alleged in the complaint with sufficient particularity to enable defendant to meet the charge. In this respect such actions are unlike those in which the defendant's remedy is for a bill of particulars if the damages are not alleged with sufficient definiteness. (*Philipp Co.* v. *New Yorker Staats-Zeitung,* 165 App. Div. 377, 390.)

Without the facts alleged as inducement in the complaint, the publication in suit here imputes nothing derogatory to plaintiff's reputation or character; but taken with them, the letter clearly charges him with conduct affecting his standing, honesty and reliability in his business, and tending to " injure his character in the opinion of others " as an individual. (*Cohen* v. *New York Times Co.,* 153 App. Div. 242; *Mase* v. *Reilly,* 206 id. 434.)

This case is not unlike that of *Riley* v. *Gordon* (*supra*), in which the court says, Mr. Justice BLACKMAR writing: " These words upon their face are not slanderous. They do not charge plaintiff with the commission of a crime, nor with having a loathsome disease, nor do they injure him in his business. But the question always

is directed to the meaning which the words conveyed to those in whose presence and hearing they were spoken; and matters of inducement may be alleged which give a defamatory meaning to words otherwise innocuous.  * * *  In the law of slander [libel], as well as in the law of contracts, matters known to all the parties give a meaning to spoken words." (*Knickerbocker* v. *Press Publishing Co.*, 176 N. Y. Supp. 343; affd., 192 App. Div. 945.)

Motion denied, with costs, with leave to defendant to answer in ten days on payment of costs before notice of trial and motion costs. (*Taishoff* v. *Elkema*, 171 App. Div. 288, 295.)