## Smith v. Davis.

(Decided May 14, 1929.)

C. R. HICKS for appellant.

W. T. OTTLEY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In this action for slander by S. A. Smith against S. S. Davis, a demurrer was sustained to the petition and the petition was dismissed. Smith appeals.

Omitting the caption and prayer, the petition is as follows:

"Plaintiff, S. A. Smith, states that he is now and was at all times thereafter set out, the duly elected, qualified and acting County Court Clerk in and for Cumberland County, Kentucky, and as such Clerk it is and was at all times hereinafter set out, his duty to enter and record upon the County Court Order Books for said County and State, all the orders made by the County Court of said County;

that on the 28th day of March, 1928, the County Court of Cumberland County, Kentucky, upon the motion of P. A. Madison, Sheriff of said County, made an order appointing J. W. Collins Deputy Sheriff of Cumberland County, Kentucky, to serve during the pleasure of the said P. A. Madison; that on said day the said Collins took the oath of office as such deputy, as required by law, and entered upon his duties as such Deputy Sheriff, and he, plaintiff, as County Clerk aforesaid, on said 28th day of March, 1928, entered said order and recorded same upon the County Court Order Book in the office of the Clerk of the Cumberland County Court, which order so made, entered and recorded in said office, was on said 28th day of March, 1928, duly signed by J. G. Jones, the duly elected, qualified and acting County Judge in and for Cumberland County, Kentucky, which order appointing and qualifying said Collins as such Deputy Sheriff, has been at all times since the 28th day of March, 1928, a public record in the office of the Clerk of the Cumberland County Court and open for public inspection at all times since said 28th day of March, 1928. A copy of said order is filed herewith and made a part hereof, marked 'A.'

"He states that thereafter, and while said order appointing and qualifying said J. W. Collins as Deputy Sheriff, as above set out, was a public record in the office of the Clerk of the Cumberland County Court, and after the said J. W. Collins had had some trouble with one S. C. Bybee, and with defendant, S. S. Davis, who was at the time, the Police Judge of the City of Burkesville, Kentucky, to-wit; on the — day of June, 1928, the defendant, S. S. Davis, knowing that no orders were recorded in the County Court Order Books, of the County except such orders as were recorded by plaintiff or by someone else under plaintiff's direct supervision, and with the malicious intent and purpose of slandering and belittling this plaintiff and to injure his standing in the estimate of the people, falsely, wrongfully and maliciously stated in the presence and hearing of Mrs. Fannie Jones and divers other persons, of and concerning this plaintiff while discussing this trouble that the said Collins had with the said Bybee and

defendant, and in regard to prosecuting the said Collins for whatever offense he may have committed in said trouble, defendant made and used these false and slanderous words, 'We can't do a thing, they have gone and put up an order appointing Collins Deputy Sheriff, and dated the order back,' thereby wrongfully and falsely charging this plaintiff with entering and recording a false and fraudulent order upon the County Court Order Book, of Cumberland County, which Order Book and the orders recorded therein is a public record, and thereby charging this plaintiff with a corrupt act in office, which if true, would render plaintiff unfit for a public office and subject him to indictment for malfeasance in office and subject him to ridicule and lower his moral standing among the good people, and is calculated to and will cause many voters to vote against him should he ever offer himself again as a Candidate for office, that would have voted for him but for such false and slanderous charge so alleged against him by defendant to his damage in the sum of $2,500, and he avers that he is now entitled to recover of defendant said sum in damages.''

It may be conceded that words imputing unfitness for office are actionable per se. Spears v. McCoy, 155 Ky. 1, 159 S. W. 610, 49 L. R. A. (N. S.) 1033; Walker v. Tucker, 220 Ky. 363, 295 S. W. 138, 53 A. L. R. 547. Following this rule, we have held that language concerning one in office which imputes to him a want of integrity or misfeasance in his office, or a want of capacity generally to fulfill the duties of his office, or which is calculated to diminish public confidence in him as an officer, or charges him with a breach of some public trust, is actionable. Dixon v. Chappell, 133 Ky. 663, 118 S. W. 929; Cole v. Commonwealth, 222 Ky. 350, 300 S. W. 907; Commercial Tribune Pub. Co. v. Haines, 228 Ky. 483, 15 S. W. (2d) 306. Therefore, it cannot be doubted that, if the words forming the basis of this action were such as to charge Smith as county clerk with having entered a false or fraudulent order, they were actionable per se. On the other hand, if the words were not used concerning Smith, or did not charge him with misconduct in office, he has no cause of action. The first question depends on whether or not, in the light of all the facts and circumstances,

Smith was intended as the object of the language employed, and it was so understood by others. The second question is to be determined from the ordinary natural import of the words used, which may not be enlarged or changed by innuendo. Martin v. White, 188 Ky. 153, 221 S. W. 528. In the light of these rules let us examine the words used. They are, "We can't do a thing, they have gone and put up an order appointing Collins deputy sheriff and dated the order back." It is doubtful if the words "put up an order" are equivalent to an allegation that the order was entered, but passing this question it must not be overlooked that it is the duty of the county clerk to enter such orders as are directed by the county judge. Therefore, he may ordinarily justify when he acts at the direction of the county judge. Not only so, but there are circumstances in which the county judge may direct that an order be entered and that it be dated back. Therefore, it does not follow that a clerk who enters an order and dates it back is necessarily guilty of wrongdoing. We therefore conclude that the words, "they put up an order appointing Collins deputy sheriff and dated the order back," when fairly construed and given their natural meaning, cannot be construed as charging that appellant as county clerk entered a false or fraudulent order. It follows that the demurrer to the petition was properly sustained.

Judgment affirmed.