## Louisville Taxicab & Transfer Company v. Ingle.

(Decided May 21, 1929.)

ROBERT L. PAGE for appellant.

LORAINE MIX for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS
—Affirming.

In an action for libel Cary Ingle recovered a judgment of $600 against the Louisville Taxicab & Transfer Company and the company appeals; further reference to the parties being as plaintiff and defendant, respectively.

For reversal it is urged, first, that the court erred in not sustaining a demurrer to the petition as amended. As to this that pleading as amended, substantially alleges that the plaintiff is a chauffeur by occupation and that he had been regularly employed and continuously engaged in such occupation for seven years prior to the 10th of April, 1927, the last three of which had been with the Louisville Taxicab & Transfer Company, which is a corporation, the defendant Charles D. Morat being its managing agent in charge and control of its employees; that at the time stated, April 10, 1927, Morat, while acting for and on behalf of defendant, dismissed plaintiff from the service of defendant company "and falsely and maliciously wrote or caused to be written of and concerning this plaintiff, on a blackboard hanging in the building of

said defendant, Louisville Taxicab & Transfer Company, near the entrance of said building these words, "Ingle (meaning this plaintiff) discharged for drinking," meaning thereby that the plaintiff had been drinking to intoxication and discharged for drunkenness. It is further alleged that the words were written in the presence of and seen and read by various and sundry persons; that plaintiff before his discharge earned an average weekly wage of $20; and that, as a result and on account of the publication referred to, he was unable to secure any remunerative employment in the line of his occupation, or otherwise, from the 10th of April, 1927, to November 13, 1927, to his loss in the sum of $600; the prayer being for $5,000 general damages and $600 special damages.

The words written on the blackboard, "Ingle discharged for drinking," in their ordinary acceptance mean that he was unfit for his occupation by reason of his indulgence in drinking. It is uniformly held that words falsely spoken or written of a person are libelous per se, if they impute unfitness to perform the duties of an office or employment, or if they prejudice a person in his profession or trade. Williams v. Riddle, 145 Ky. 459, 140 S. W. 661, 36 L. R. A. (N. S.) 974, Ann. Cas. 1913B, 1151; Smallwood v. York, 163 Ky. 142, 173 S. W. 380, L. R. A. 1915D, 578; Spears v. McCoy, 155 Ky. 1, 159 S. W. 610, 49 L. R. A. (N. S.) 1033; Baker v. Clark, 186 Ky. 820, 218 S. W. 280; Truth Publishing Co. v. Reed, 13 Ky. Law Rep. 324; United Mine Workers of America v. Cromer, 159 Ky. 608, 167 S. W. 891. It is argued, however, that a person may lawfully drink intoxicating liquors in some places, and that, therefore, the words quoted do not constitute a public offense, or subject plaintiff to disgrace, obloquy, or ridicule, and are therefore not actionable. We are not impressed with this argument. There is no ground for so construing the quoted language. On the contrary, the publication not only stated the fact of plaintiff's discharge, but the reason for it. Such language could only be construed as meaning to charge that plaintiff used intoxicants at a time and in a manner that unfitted him for the exercise of his duties as chauffeur and to call for his discharge. Strict sobriety when on duty is universally regarded as a necessary qualification for a chauffeur, and to falsely publish that a person engaged in that occupation has been discharged for drinking must result in injury to him and under the above authorities

580

is actionable per se. It follows that the court did not err in overruling the demurrer.

The defendant's answer admitted the publication of the words and relied on their truth. On the latter issue the evidence was conflicting and the court did not err in overruling the motion for a peremptory.

The court directed a verdict in favor of plaintiff, unless the jury believed the truth of the printed words, in which event they were to find for the defendant, and, in the event of a recovery for plaintiff, restricted this to such special damages as he sustained from loss of time from work by reason of the publication. It is strenuously argued that the proof did not show such loss of time and that in this respect the verdict is not sustained by the evidence. However, plaintiff testifies that after his discharge he applied for a position to a number of firms employing chauffeurs and in each instance was asked questions as to whether or not he had ever been discharged and the reason therefor, together with a request for reference to his former employer; that he was unable to answer these questions satisfactorily and was unable to secure any employment until the 13th of November, 1927, when he went to work at another calling. He further testifies that at the time of his discharge he was earning $100 per month. We think this evidence sufficient to uphold the verdict. As only special damages were awarded and plaintiff is not complaining, it is unnecessary to determine whether he was also entitled to general damages.

Wherefore, perceiving no error, the judgment is affirmed.