## Sweeney & Co. v. Brown et al.

(Decided May 9, 1933.)

118

H. M. DENTON for appellant.
FRANK M. DRAKE for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The decisive question on this appeal is the sufficiency of the petition charging libel, when tested by a demurrer. William T. Sweeney was engaged in general insurance and brokerage business under the firm name of Sweeney & Co., in the city of Louisville, Jefferson county, Ky., where he resided, and Frank H. Brown was engaged in the same kind of business, under the name of Brown & Martin, in the same city, where he also resided.

The Employers' Liability Assurance Corporation of London, England, was a foreign corporation, organized under the laws of England, and Frank H. Brown was acting as its district agent in Kentucky, including the city of Louisville. Brown and Sweeney were competitors in business. Both of them had been engaged in the same business for many years before the cause of this litigation originated. It is charged in the petition that on May 7, 1930, Brown, acting for himself and as the agent of the Employers' Liability Assurance

Corporation, mailed to a large number of Sweeney's customers who were carrying insurance with the Employers' Liability Assurance Corporation a circular letter in this form:

"Dear Sir: On the ——day of —— 192—, this company issued its policy —— to you, on which the premium was $——. This policy was issued to you through the agency of Sweeney & Company, Louisville, Ky.

"This premium has not been paid to the company, and if you have not already paid the premium to Sweeney & Company, please either make payment of this premium direct to this office or return the policy to us for cancellation for non-payment of premium.

"If you have paid this premium to Sweeney & Company, will you be good enough to advise us the date of payment.

"Yours very truly,

"Brown & Martin, District Agents."

In his petition Sweeney interprets this letter as libelous, and asserts it wrongfully states that he had not paid certain premiums on the policies of insurance of the Employers' Liability Assurance Corporation, by its requesting the information it sought of the addressees to whom it was sent; that it is susceptible of the inference and insinuation that he had a contract with the Employers' Liability Assurance Corporation, for the collection and payment of premiums, when in fact he had no contract with it, and was under no legal obligation whatever to collect or pay the premiums to it by reason of any policy of insurance; that the purpose of the letter was to convey to the addressee the impression that he had collected money due the insurance company and did not pay it over. These allegations are followed by further allegations setting out the appearance of Brown before the insurance department of the state of Kentucky and Pulliam as deputy insurance commissioner, and there making certain representations which resulted in the cancellation of his license as agent of the Employers' Liability Assurance Corporation. He avers that, by reason of the appearance of Brown before the insurance commission and the deputy commissioner, and the contents of the letter, his customers

ceased to deal with him, and quit business relations for a long period of time thereafter. He charges that the action of Brown and the circulation of the letter were wrongful, wanton, and malicious; that it destroyed his business by causing persons dealing with him to discontinue both their business and the contractual relations, thereby damaging him $40,000. The allegations of the petition must be taken as true on a demurrer thereto, and the question to be determined therefore is one of law.

To sustain his insistance, he cites Globe & Rutgers Fire Ins. Co. v. Firemen's Fund Ins. Co., 97 Miss. 148, 52 So. 454, 29 L. R. A. (N. S.) 869, and notes; Pennsylvania Iron Works Co. v. Henry Voght Machine Co., 139 Ky. 497, 96 S. W. 551, 29 Ky. Law Rep. 861, 8 L. R. A. (N. S.) 1023; Newell on Slander & Libel; Louisville Gas & Electric Co. v. Wulf, 166 Ky. 269, 179 S. W. 232; Wells v. Payne, 141 Ky. 578, 133 S. W. 575; S. M. Burgess & Co. v. Patterson, 139 Ky. 547, 106 S. W. 837, 32 Ky. Law Rep. 624; Sparks v. McCrary, 156 Ala. 382, 47 So. 332, 22 L. R. A. (N. S.) 1224 and notes thereto; Passaic Print Works v. Ely & Walker Dry-Goods Co. (C. C. A.) 105 F. 163, 62 L. R. A. 673.

A cursory examination of the cases cited by Sweeney and a comparison of them with the allegations of the petition are sufficient to show that, except in Louisville Gas & Electric Co. v. Wulf and Passaic Print Works v. Ely & Walker Dry Goods Company, the questions involved are not related to the decisive question presented in this case. The principles enunciated in those cases are in harmony with those we shall hereinafter reiterate. The law does not require that an individual shall follow in the funeral of his own reputation without imposing upon him who causes it the assumption of the pecuniary loss approximately resulting therefrom. On this theory the law classifies printed or written words charged to be libelous into three classes; (a) Those libelous per se; (b) per quod; (c) those that cannot possibly bear a defamatory meaning.

Those words assigned by the law to class (a) are themselves regarded sufficient evidence of pecuniary loss, and no evidence other than their use is required to show pecuniary loss. In class (b) belong words reasonably susceptible of a defamatory meaning as well as an innocent one, and may be defamatory by reason of

their imputation, or by reason of certain extrinsic facts, connoting they were meant to be, and were, understood by the general public, or those reading them, to have such meaning, and that on receiving them were so construed.

Words belonging to class (b) require evidence of pecuniary loss arising from the use thereof, other than their use to sustain a recovery. Words falling in class (c) are those which do not bear a defamatory meaning, and are therefore not actionable. Kee v. Armstrong, B. & Co., 75 Okl. 84, 182 P. 494, 5 A. L. R. 1349; Piplack v. Mueller, 97 Fla. 440, 121 So. 459; Briggs v. Brown, 55 Fla. 417, 46 So. 325; Tower v. Crosby, 125 Misc. 403, 211 N. Y. S. 571; Fite v. Oklahoma Publishing Co., 146 Okl. 150, 293 P. 1073; Wimmer v. Oklahoma Pub. Co., 151 Okl. 123, 1 P. (2d) 671; Shields v. Booles, 238 Ky. 673, 38 S. W. (2d) 677; Commercial Tribune Pub. Co. v. Haines, 228 Ky. 483, 15 S. W. (2d) 306; Louisville Taxicab & Transfer Co. v. Ingle, 229 Ky. 579, 17 S. W. (2d) 709, 66 A. L. R. 1497.

In an action for words belonging to class (a), general damages are presumed to have occurred from the wrong done, and need not be averred. Shields v. Booles, supra, and cases cited. Class (a), to be libelous per se, must be of such nature that the court can presume as a matter of law that they tend to disgrace and degrade a person, or injure him in his business or profession, or to hold him up to public hatred or ridicule and cause him to be shunned and avoided. Shields v. Booles, supra, and cases cited. Another way of expressing it is, words that sound to disreputation of the person spoken of are defamatory and actionable per se. Shaw v. Bender, 90 N. J. Law, 147, 100 A. 196. In an action for words libelous per se, neither an allegation nor proof of malice is necessary. Turner v. Montgomery Ward Co., 165 S. C. 253, 163 S. E. 796; McClintock v. McClure, 171 Ky. 714, 188 S. W. 867, Ann. Cas. 1918E, 96.

A charge libelous obliquely and by inference may be insidious, but defamatory. McClintock v. McClure, supra. If the writing or the publication itself on its face is not libelous, the charge must be made by innuendo; that is, the extrinsic facts sought to be embraced with a covert meaning must be set forth in the pleading, charging it is libelous. An innuendo, however, cannot

enlarge or add to the sense or effect the words charged to be libelous, or impute to them a meaning not warranted by the words themselves, or in the connection in which the colloquium does not fairly warrant. Winsette v. Hunt, 53 S. W. 522, 21 Ky. Law Rep. 922; Feast v. Auer, 90 S. W. 564, 28 Ky. Law Rep. 794, 4 L. R. A. (N. S.) 560. The office of an innuendo is to explain the publication in its proper meaning, and not to supply the place of the colloquium. Curtis v. Iseman, 137 Ky. 796, 127 S. W. 150. Words not libelous cannot be made so by an innuendo. Moore v. Johnson, 147 Ky. 584, 144 S. W. 765; Hall v. Huffman, 159 Ky. 72, 166 S. W. 770; Smith v. Davis, 229 Ky. 495, 17 S. W. (2d) 399.

In every case the defamatory writing or publication must be construed in its most natural meaning and in the sense in which it would be understood by those to whom it was addressed. In determining whether a writing or publication is libelous per se, it must "be stripped of all innuendo, colloquium and explanatory circumstances," and, when so construed, it must be defamatory on its face, "within the four corners thereof." Only the thought and idea, impression, or opinion conveyed to the reader is to be considered in determining whether it is actionable. The publication cannot be measured by its facts when subjected to the critical analysis of the legal mind, but by the natural and probable effect upon the mind of the average lay reader. Wimmer v. Okla. Pub. Co., supra. In determining whether or not the writing or publication is libelous, considering the surrounding circumstances, advanced by innuendo and averment, the inducement and colloquium must be considered, as they relate to the substance and not to the application of the charge. Riley v. Gordon, 192 App. Div. 443, 182 N. Y. S. 790. The general rule is that a libel depending upon an innuendo is per quod, and is only actionable for such special damages as those directly and proximately caused by it. And these damages must be alleged with sufficient particularity to enable the defendant to meet the charge. We believe with Lord Bacon that "Men's reputations are tender things, and ought to be like Christ's coat, without seam." The letter which he indignantly resents presents Sweeney's, "without seam" and untarnished. It charges him with nothing, or, at most, with nothing that he might not legally and properly have done, even if it be con-

sidered that it charges him with anything whatsoever. Its author in composing and mailing it did not abuse his and the undoubted right of the company to inquire, in the language of the letter, about its business. The letter imputes nothing derogatory to Sweeney's reputation or character. It in no way reflects upon, or affects, his standing, honesty, or honor in business, nor does it impugn him as an indivdual or as a business man. To read the letter otherwise is to be forgetful of its language. It clearly falls within class (c) as it is defined in this opinion. Tower v. Crosby, 125 Misc. 403, 211 N. Y. S. 571; Riley v. Gordon, supra; Winton v. Patterson, 152 Miss. 158, 119 So. 161; Allis-Chalmers Mfg. Co. v. Lowry, 124 Kan. 566, 261 P. 828; Wilson v. National Bond & Investment Co. (Mo. App.) 46 S. W. (2d) 922; Abbott v. Vinson, 230 Ky. 786, 20 S. W. (2d) 995.

The appearance and charges of Brown before the commissioner of insurance and Pulliam are not urged in brief. Therefore we have not considered them.

The sustaining of the demurrer to the petition is in harmony with our views. Therefore the judgment is affirmed.