**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0544n.06**
**Filed: August 1, 2006**

**No. 05-6533**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **ROGER ROCHE**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| **HOME DEPOT U.S.A.**, | ) | **O P I N I O N** |
| | ) | |
| *Dependants-Appellees*. | ) | |

**BEFORE:** **BOGGS and COLE, Circuit Judges; ROSEN, District Judge**[*]

**R. Guy Cole, Jr., Circuit Judge.** Plaintiff-Appellant Roger Roche, proceeding pro se, appeals the district court's order dismissing and granting summary judgment on his claims of libel and wrongful termination brought against Defendants-Appellees Home Depot U.S.A., Inc. ("Home Depot") and Dennis Donovan, Home Depot's Executive Vice President of Human Resources. For the following reasons, we conclude that Roche's appeal lacks merit, and we affirm both orders of the district court.

**I.**

Roche was employed by Home Depot from October 1996 until October 2002. During the last two years of his employment, Roche submitted numerous claims and complaints via fax to

---

[*] The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

Donovan, alleging various forms of wrongdoing by Home Depot's managers and Roche's co-workers. On September 6, 2002, Roche received a performance notice ( "September Performance Notice"), which summarized the various complaints submitted by Roche about work-related concerns since October 2001, characterized the allegations contained therein as false, and warned that the submission of future false allegations would lead to Roche's immediate termination. On October 17, Roche received another performance notice ("October Performance Notice"), which summarized a complaint received from one of Roche's co-workers, Amy Watkins, about a conversation she had had with Roche. Roche was ultimately terminated on October 27, 2002.

In a pro se complaint filed on September 3, 2003 ("*Roche I*"), Roche brought one claim of negligent supervision, seven claims of libel per se, and one claim of injurious falsehood against Home Depot and Donovan. These claims pertained to statements about Roche contained in the September Performance Notice.

In a second pro se complaint filed on October 16, 2003 ("*Roche II*"), Roche brought three claims of negligent supervision, three claims of libel per se, one claim of injurious falsehood, and one claim of wrongful termination against Home Depot and Donovan. The libel per se claims in *Roche II* pertained to statements about Roche contained in the October Performance Notice.

By order dated July 20, 2004, the district court dismissed the entirety of *Roche II* and a majority of the claims in *Roche I* for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). The district court also dismissed Donovan as a party for lack of personal jurisdiction. Having dismissed the entirety of *Roche II*, the district court denied as moot the defendants' motion to consolidate *Roche I* and *Roche II*.

The district court's July 20 order left remaining three claims of libel and one claim of negligent supervision. By Memorandum Opinion and Order dated August 18, 2005, and entered August 19, 2005, the district court granted Home Depot's motion for summary judgment on Roche's remaining claims, on the ground that the statements in the September Performance Notice were covered by Kentucky's qualified privilege for statements "made in good faith, without malice, by one who believes he has a duty or an interest to a person with a corresponding duty or interest." *Roche v. Home Depot U.S.A.*, No. Civ.A. 03-599-C, 2005 WL 2000708, at *2 (W.D. Ky. Aug. 18 2005).

Roche now appeals the district court's dismissal of his wrongful termination claim, the dismissal of seven of his ten libel claims, and summary judgment on his remaining three libel claims. He does not appeal the dismissal of or summary judgment on his injurious falsehood or negligent supervision claims, or the dismissal of Donovan as a party.

## II.

### A. Procedural Matters

As an initial matter, Home Depot argues that, even accepting the leniency this court affords to pro se parties in complying with procedural rules, *see Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005), we nevertheless should decline to reach the merits of Roche's appeal because of Roche's failure to comply with Federal Rule of Appellate Procedure 28(b)(1). In support of its position, Home Depot points to the absence in the appellant's brief of a jurisdictional statement, a dearth of citation to legal authority, and the lack of a concise statement of the issues on appeal or summary of his argument.

Our review of the record reveals that there is no controversy as to this court's jurisdiction under 28 U.S.C. § 1291. Moreover, while Roche's brief is not a model of clarity under Fed. R. App. P. 28(b)(1), he has set forth his arguments with sufficient specificity to avoid dismissal of his appeal. We therefore turn to the merits of the appeal.

## B. Dismissal of *Roche II* Libel Claims

Roche appeals the district court's dismissal of his *Roche II* libel claims. The district court dismissed these claims because the statements in the October Performance Notice forming the basis of the claims did not constitute libel per se and Roche did not plead special damages. The first of these statements was, "[Roche] told Amy he did not like her smiling at him because he believed she was thinking about him having sex with his dog." The second of these statements was, "Roger was later telling associates that Amy said he was having sex w/ his dog." The third of these statements was, "Amy never intended that meaning and is offended that Roger would take it that way, tell other associates that she was saying he had sex with his dog, and suggest that by smiling she was thinking it." A portion of the October Performance Notice not quoted by Roche in his complaint further states that Watkins "feels harassed by [Roche] and wants no contact," and proposes a resolution of the conflict that orders Roche to cease speaking to Watkins or about Watkins and to avoid intentional eye contact with her.

Whether a libel cause is actionable per se is a question of law. *Columbia Sussex Corp., Inc. v. Hay*, 627 S.W.2d 270, 274 (Ky. Ct. App. 1981). We review questions of law de novo. *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001). "In comparison to slanderous per se oral statements, which must contain defamatory language of a specific nature," i.e., statements that tend to disinherit

the subject or to impute to him crime, infectious disease, or unfitness for public office, "[Kentucky] common law treats a broader class of written defamatory statements as actionable per se." *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 794–95 (Ky. 2004). False written statements are libel per se under Kentucky law if the statements "tend to expose the plaintiff to public hatred, ridicule, contempt or disgrace," *Columbia Sussex*, 627 S.W.2d at 274, or if the statements "impugn one's competence, capacity, or fitness in the performance of his profession," *Welch v. Am. Publ'g Co. of Ky.*, 3 S.W.3d 724, 735 (Ky. 1999). "In determining whether a writing is libelous per se, courts must stay within the 'four corners' of the written communication. The words must be given their ordinary, natural meaning as defined by the average lay person. The face of the writing must be stripped of all innuendoes and explanations." *CMI, Inc. v. Intoximeters, Inc.*, 918 F. Supp. 1068, 1084 (W.D. Ky. 1995) (*citing Sweeney & Co. v. Brown*, 60 S.W.2d 381, 384 (Ky. 1933); *Digest Publ'g Co. v. Perry Publ'g Co.*, 284 S.W.2d 832, 834 (Ky. 1955)).

Viewing the October Performance Notice as if stripped of all innuendos and explanations, we conclude that the district court correctly determined that the statements which Roche quoted from the October Performance Notice did not constitute libel per se. Of the three sentences Roche cited, the first and second simply record Watkins's account of Roche complaining about what he perceived to be suggestive expressions and comments. Even if the October Performance Notice provides a false account of what Roche said to Watkins or to his co-workers about Watkins, merely complaining about a co-worker's alleged suggestive expressions or comments would not itself tend to expose an individual to hatred, contempt or disgrace, *see Columbia Sussex Corp.,* 627 S.W.2d at 274, or impugn the complaining individual's fitness in the performance of his or her job, *see Welch*,

3 S.W.3d at 735. The third sentence, in addition to describing Roche's complaints about Watkins, also reports that Roche's mistaken interpretation of Watkins's comments offended her. Such a report of a third party's subjective feelings also would not tend to expose Roche to public hatred or to suggest his unfitness to work at Home Depot, and likewise does not constitute libel per se.

Viewing these particular statements in the context of the full text of the October Performance Notice, including the portions stating that Watkins "fe[lt] harassed" and instructing Roche to avoid Watkins in the future, we may assume that the crux of Roche's grievance is that the notice characterizes him as making Watkins feel harassed. Even so, the notice itself, considered independent of any extrinsic evidence and stripped of all innuendos, demonstrates only that Roche was the recipient of a harassment complaint and that the complaint was based upon his misunderstanding of his co-worker's comment. The notice does not assign fault or state that Roche intentionally made Watkins feel harassed. The statements in the notice by themselves would not subject Roche to public hatred or impugn his ability to perform his job, and therefore do not constitute libel per se.

We therefore affirm the district court's dismissal of the libel claims contained in *Roche II*.

## C. Dismissal of Certain *Roche I* Libel Claims

Roche appeals the district court's dismissal of four of Roche's libel claims from *Roche I*. A defendant has a complete defense to a civil action in defamation if it proves the truth of its statements by a preponderance of the evidence. *Stringer*, 151 S.W.3d at 796. Relying upon the extrinsic documents attached to Roche's complaint as dispositive evidence that four of Home Depot's statements were factually true— thereby converting Home Depot's motion to dismiss into

a motion for summary judgment, *see Ball v. Union Carbide Corp.* 385 F.3d 713, 719 (6th Cir. 2004)—the district court dismissed Roche's four libel claims that were based on the true statements.

On appeal, Roche argues that Home Depot's statements are not true. We review de novo the district court's dismissal of these claims, affirming if there exists no genuine issue of material fact that could demonstrate Home Depot's statements were false. *See Beck-Wilson v. Principi*, 441 F.3d 353, 359 (6th Cir. 2006).[1]

First, the district court dismissed Roche's claim pertaining to Home Depot's statement that Roche had complained of "managers offering bribe money." The court concluded that no genuine issue of material fact existed as to the statement's truth, citing to a December 10, 2001, fax sent by Roche to Home Depot, attached to Roche's complaint as Exhibit 103. Roche argues on appeal that his fax refers only to "hush money" and that he never used the word "offer."

Second, the district court dismissed Roche's claim pertaining to Home Depot's statement that Roche "claims that Home Depot managers have tried to kill him over seventy times," citing to numerous faxes sent by Roche to Home Depot, attached to Roche's complaint as Exhibits 108, 122, 100, and 118. Roche argues on appeal that in these faxes he never used the phrase "tried to kill" but instead merely accused Home Depot of recklessly and/or willingly risking his life over seventy times.

---

[1] The district court's decision to convert Home Depot's motion to dismiss into a motion for summary judgment would be reviewed for abuse of discretion, *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004), but Roche has waived the argument by failing to raise it, *see Caudill v. Hollan*, 431 F.3d 900, 915 n.13 (6th Cir. 2005); *see also Forestier Fradera v. Municipality of Mayaguez*, 440 F.3d 17, 21 (1st Cir. 2006).

Third, the district court dismissed Roche's claim pertaining to Home Depot's statement that Roche had "specifically referenced the attacks of September 11th and death (or the risk of life) 46 times," citing to Exhibits 106, 108, 110, and 116 of Roche's complaint. Citing several examples of Roche's references to death and September 11th in the record, the district court concluded that "[t]he number of references to death and September 11th at least approach 46 so any inaccuracy in the number has no impact on the allegedly defamatory nature of the statement." Roche argues on appeal that he did not reference the attacks themselves, but only the date of September 11th, bin Laden, and the Sears tower.

Fourth, the district court dismissed Roche's claim pertaining to Home Depot's statement that Roche had submitted complaints that alleged "10 acts of management falsifying documents, 43 mentions of safety related violations, receiving three prank phone calls from mrgrs, and people stalking him eight separate times." The district court cites to sixteen different statements contained in Roche's exhibits that demonstrate no genuine issue of material fact as to this statement's truth. On appeal, Roche argues that ten is an exaggerated count of his complaints regarding falsified documents, and also argues that management in fact was falsifying documents; that his complaint about forty-three safety-related violations was not false because forty-three safety-related violations did occur; that he did not complain of "receiving three prank phone calls from mrgrs" because his letter regarding the incident did not refer explicitly to multiple managers, but instead referred to one manager by name and to "someone close to him;" and that his supervisor could have no way of knowing whether "people" had in fact stalked Roche "eight separate times," because "people" would

include customers and vendors, and therefore the performance notice could not accurately describe Roche's stalking complaint as false.

Upon a careful review of the record, we agree that the evidence in the record leaves no genuine issue of material fact as to the truth of the four Home Depot statements described above. Furthermore, Roche's arguments pertaining to the truth of his allegations about safety violations and management falsifying documents are irrelevant to proving the libel claims dismissed by the district court. The statements forming the basis of the dismissed claims do not accuse Roche of dishonesty. In fact, the statements by Home Depot characterizing Roche's allegations as "false" or "unsubstantiated" form the basis of the three claims which the district court did not dismiss under Rule 12(b)(6), and are discussed below in Part II.D. We therefore affirm the district court's dismissal of four of Roche's libel claims based upon the truth of the underlying statements.

As an alternative basis for upholding the district court's dismissal of these four claims, we conclude that the statements forming the basis of these claims do not constitute libel per se, because they merely purport to summarize the complaints submitted by Roche. The submission of work-related complaints to one's employer would not tend to expose the complaining individual to hatred or disgrace, *see Stringer,* 151 S.W.3d at 794-95, or suggest the complaining individual's unfitness in the performance of his or her job, *see Welch*, 3 S.W.3d at 735.

**D. Summary Judgment on Remaining *Roche I* Libel Claims**

After the district court dismissed the claims discussed in Parts B and C above, three libel claims remained, pertaining to the following statements in Roche's September Performance Notice: (1) "While one safety-related (H-frame) situation was substantiated and responded to, all other

complaints have been deemed either unsubstantiated or false in their nature"; (2) "While making the false claims listed above, Roger . . . ."; and (3) "Roger was warned [against] his submitting any future false allegation." At the conclusion of discovery, Home Depot moved for summary judgment on these remaining libel claims. The court granted the motion because it found that the statements were protected by qualified privilege, and that Roche had failed to present evidence to create a genuine issue of material fact that the statements were made with malice or in bad faith that would overcome the qualified privilege. Roche appeals the court's grant of summary judgment, which we review de novo. *Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir. 2006).

Kentucky recognizes the existence of a qualified privilege for defamatory statements made in good faith and without actual malice "where the communication is one in which the party has an interest and it is made to another having a corresponding interest." *Stringer*, 151 S.W.3d at 796. This privilege encompasses an employer's statements made regarding the conduct of employees. *Id.* While actual malice "requires a showing of knowledge of falsity of the defamatory statement or reckless disregard of its truth or falsity," "[m]alice can be inferred from the fact of . . . falsity." *Id.* Therefore, Roche can prevail by demonstrating the actual falsity of Home Depot's statements, or Home Depot's reckless disregard for their truth or falsity.

Roche argues that the district court erred in applying qualified privilege to Home Depot's statements, because the argument of qualified privilege applies only to false statements and therefore Home Depot's qualified privilege defense is inconsistent with its defense that its statements are true. This argument lacks merit. Roche has cited no authority, nor could this court find any, that supports Roche's contention that Kentucky's qualified privilege attaches only to false

statements and not true statements, nor any authority that supports Roche's assumption that a defendant must concede the falsity of its statements before asserting an alternative defense of qualified privilege.

Roche next argues that Home Depot abused its qualified privilege by failing to train its supervisors to avoid making libelous statements. This argument likewise lacks merit. Although it is true that a defendant may lose its qualified privilege through abuse, *see Stringer*, 151 S.W.3d at 797, Roche has cited no authority, nor has this court been able to find any, to support the proposition that the privilege may be lost through inadequate training of employees in the law of defamation. Furthermore, Roche provides no evidence to support his conclusory allegation that his supervisor was inadequately trained.

Finally, Roche argues that Home Depot's statements were false and made in reckless disregard for their truth, and therefore do not enjoy qualified immunity. Upon a careful and thorough review of the record, we conclude that the district court properly found that Roche failed to present evidence sufficient to raise a genuine issue of material fact that Home Depot's statements were false or made in reckless disregard for their truth.

**E. Dismissal of *Roche II* Wrongful Termination Claim**

Roche also appeals the district court's dismissal under Fed. R. Civ. P. 12(b)(6) of his wrongful termination claim for failure to state a claim upon which relief could be granted. Roche claims that his employment was terminated on account of the false statements put in his performance notice. Roche argues that "[a]n employer should be able to fire an employee for any reason except for reasons caused by harm the employer inflicted on the employee."

- 11 -

This argument finds no support in the law. As the district court correctly noted, Kentucky law permits termination of at-will employees for no cause or for a cause that some might view as morally indefensible, and recognizes an exception to the general rule only in cases where "the employer terminates the employee in violation of a fundamental and well-defined public policy evidenced by a constitutional or statutory provision." *See Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985). Roche has identified no constitutional or statutory provision setting forth a public policy that was violated by his termination.

**F. Denial of Roche's Motion to Compel Discovery**

As a final matter, we observe that Roche makes repeated reference throughout his brief to the alleged discovery failures of Home Depot. Roche apparently finds fault with the district court's order denying Roche's motion to compel discovery. Roche provides no background information regarding any discovery dispute and cites no authority to support his argument that an error occurred. Roche has therefore waived his appeal of this issue. *See Caudill v. Hollan*, 431 F.3d 900, 915 n.13 (6th Cir. 2005).

In any event, a district court's rulings on discovery issues are reviewed under the deferential abuse of discretion standard. *Ventura v. Cincinnati Enquirer*, 396 F.3d 784, 789 (6th Cir. 2005). Having reviewed the order denying Roche's motion, and the related documents contained in the district court record, we discern no abuse of discretion on the part of the district court. Insofar as Roche's brief may be construed to include an appeal of the district court's denial of his motion to compel, we conclude that it likewise lacks merit.

**III.**

For the preceding reasons, the district court's orders dated July 20, 2004 and August 19, 2005 are hereby affirmed.